## L. S. LEIGHTON v. WILLIAM LLOYD BRUCE AND OTHERS.[1]

January 28, 1916.

Nos. 19,574, 19,575—(221, 222).

**Probate court — decree of distribution — fraud or mistake of fact.**

1. If a decree of distribution of a probate court is obtained by fraud, or is the result of a mistake of fact, a court of equity may grant relief. But in the absence of fraud or mistake, such a decree is binding and conclusive, though erroneous.

**Finding sustained by evidence.**

2. The evidence sustains a finding that the decree in this case was not obtained by fraud, was not the result of mistake, but that the error, if any, was due to an erroneous judicial construction of the language of the will.

**Amendment of decree.**

3. The probate court has no power to amend its decree after the time to appeal therefrom has expired, unless in case of fraud, mistake or surprise.

Action in the district court for Waseca county to correct a final decree of the probate court of that county entered in the year 1908, in the estate

[1] Reported in 156 N. W. 285.

of George W. Bruce, husband of plaintiff's intestate, so that the decree should conform to the terms of his will. The action was tried before Childress, J., who made findings and dismissed the action. Plaintiff's motion to amend the findings was denied. From the judgment of dismissal and for the review of the order denying his motion for a new trial and to amend the findings, plaintiff appealed. Affirmed.

Anna A. Bruce also petitioned the probate court for the same county to amend its decree of descent in the matter of the estate of her deceased husband, George W. Bruce. The petition was heard by the probate court, was granted and the decree amended, so that that portion of it in which the real property belonging to the estate was described vested in Anna A. Bruce a life estate; in William Lloyd Bruce, Silas Bruce, Sarah Josephine Holt, Winfield Scott Bruce, Philip Sheridan Bruce and Sidney Johnson Bruce, the rest and residue of the estate, share and share alike in fee, subject to the life estate of Anna A. Bruce, and further subject to the payment of the funeral expenses and expenses of last sickness, and of the just and lawful debts of Anna A. Bruce. From the order amending the decree of descent, Winfield Scott Bruce, Philip Sheridan Bruce and Edward Willis appealed to the district court for that county. The appeal was heard before Childress, J., who made findings and reversed the order of the probate court. Petitioner's motion to amend the findings of fact or for a new trial was denied. From the judgment entered pursuant to the order for judgment and from the order denying her motion for a new trial, Anna A. Bruce, by her guardian, appealed. Affirmed.

*C. J. Laurisch, P. McGovern* and *Moonan & Moonan,* for Anna A. Bruce.

*S. B. Wilson* and *L. D. Rogers,* for William Lloyd Bruce and others.

BUNN, J.

March 1, 1892, George W. Bruce, a resident of Waseca county, made his will. He gave his wife, Anna A. Bruce, a life estate in his real estate, this life estate to be charged with the lawful debts of the testator at the time of his death, his funeral expenses and the expenses of his last sickness. The fee was devised in common to the six children of the testator. Then follows this provision: "The said fee estate is to be charged with the payment of any of my just and lawful debts, the funeral expenses and

expenses of last sickness and just and lawful debts of my beloved wife and the payment of the legacies to my beloved grandchildren hereinafter mentioned." The legacies to the six grandchildren consisted of a bequest to each of the sum of one dollar. The will was assented to in writing by the testator's wife. The testator died two days after making this will. No steps were taken to probate the will. In March, 1908, one of the sons of deceased petitioned the probate court for a decree of descent under the statutes of this state. The petition stated that George W. Bruce died testate, the "brief description" of the will being that he devised a life estate to his wife, and the fee to his six children, subject to the payment of the bequests to the grandchildren. After due notice this petition was heard, and a judgment and decree entered assigning a life estate in the land to the widow, and the remainder to the six children. The decree recites that George W. Bruce died leaving a will, that more than five years have elapsed since his death, and that no will has been probated or administration granted. It does not mention either the bequests to the grandchildren or the charges made upon either the life estate or the fee by the terms of the will.

There was no appeal from this decree, and no application made to set it aside, modify or correct it until November, 1913, when Anna A. Bruce, by her guardian, petitioned the probate court for an order amending and correcting the decree by charging the fee assigned to the six children with the payment of the funeral expenses, expenses of last sickness, and just and lawful debts of the petitioner, the widow of testator. The ground upon which this correction was asked was that the omission of the decree to make the fee subject to this charge was due to mistake of fact and inadvertence. The probate court, after a hearing, granted the prayer of the petition. On appeal the district court reversed this action, and the petitioner appealed to this court. After the appeal in this proceeding and after the appeal in the action brought by Mrs. Bruce, hereinafter noted, she died. On motion in this court L. S. Leighton, as administrator of her estate, was substituted as petitioner in the probate court proceedings, and as plaintiff in the action. The appeal from the judgment reversing the order of the probate court, and the appeal in the action were heard together in this court.

The action mentioned was brought by Anna A. Bruce, the widow of the testator, by L. S. Leighton, her guardian, against the six children, their wives and husbands, and an alleged grantee from them, to correct the decree of the probate court so that it would conform to the will. The grounds upon which this relief was asked were fraud on the part of defendant Philip Sheridan Bruce in misrepresenting in the petition the interest of plaintiff under the will, and mistake and inadvertence on the part of the probate court in omitting in the decree to provide that the fee given to the children should be charged with the payment of the funeral expenses, expenses of last sickness and just and lawful debts of the plaintiff. It was alleged that plaintiff had incurred debts for her care and maintenance, that she was in a sick and helpless condition, which would probably continue and result in her death. It was also alleged that plaintiff, by reason of mental incompetency did not know of the proceedings taken in the probate court that resulted in the decree of distribution. The defendant answered, denying fraud or mistake and inadvertence on the part of the probate court. The case was tried by the court at the same time and on the same evidence as was the appeal from the order of the probate court correcting its decree. The court found that Anna A. Bruce was competent to manage and did manage her business affairs up to the year 1911; that she was advised and knew of the probate proceedings; that the petition to the probate court "to have said will of said George W. Bruce admitted to probate" was filed by Philip Sheridan Bruce at the suggestion of the probate judge and that there was no fraud. The finding on the issue of mistake in the decree was that such decree was "deliberately entered into as the result of a judicial consideration and construction of said will." Judgment was ordered for defendants on the ground that the construction placed upon the will, though not the correct one, was conclusive on the parties, because it was never reversed and the time for appeal had long since expired. Plaintiff moved for additional and amended findings and conclusions of law in her favor based thereon, and for a new trial. These motions were denied, judgment entered on the decision, and this appeal taken from the judgment.

1. If the decree of distribution was obtained by fraud, it would not be conclusive or binding. Relief could be had in a court of equity. This would be true also if the decree was the result of mistake of fact. But

if there is no fraud, and no mistake other than an erroneous construction of the terms of the will, the decree is binding and conclusive. These propositions are well settled, and no citation of authority is necessary. There was no evidence of fraud in the case at bar. The decisive question on the appeal from the judgment in the action to correct the decree is whether the finding of the trial court that the failure to make the fee subject to the debts and expenses of last sickness of the testator's wife was not due to a mistake of fact, but to a judicial construction of the terms of the will, is sustained by the evidence. We may concede that the construction placed upon the will by the probate court, and contended for here by the respondents, that is, the language of the will meant the debts of Mrs. Bruce existing at the death of the testator, was not the correct one. If there was actually a construction of the language, it is not material that it was an erroneous one. If there was no construction of this language, if the decree was simply due to the fact that the existence of this provision in the will was overlooked, relief could be granted in this action.

2. We have examined the evidence carefully. The question is perhaps a close one, but we have reached the conclusion that the finding of the trial court that the decree was the result of a deliberate judicial construction of the language of the will, and not the result of mistake or inadvertence, is sustained by the evidence. It cannot be said that this construction is so plainly wrong that it is conclusive that the provision was overlooked. It might well be the opinion of a layman, and the probate judge was not a lawyer, that the testator referred to such debts of his wife as existed at the time of his death. There was evidence that this was the opinion of the judge. The decree was not appealed from and does not seem to have been questioned for five years, and until after Mrs. Bruce became incompetent. We sustain the finding on this question, and the judgment based thereon.

3. The appeal from the judgment reversing the order of the probate court amending the decree presents no difficulty. If there was a remedy anywhere it was in the equitable action to correct the decree. The power of the probate court to amend, modify or vacate its decree was exhausted when the time to appeal therefrom expired. We need not decide whether this power would exist in a case of fraud, mistake or surprise, as there

was no fraud or surprise, and no mistake other than an erroneous conclusion of law.

The judgment is affirmed in both cases.