CLARA E. ROBINSON AND ANOTHER v. LECCIE SEDGLEY THOMSON.[1]

July 13, 1917.

Nos. 20,378, 20,379—(202, 203).

**Will — decree of distribution — suit in equity to amend will not lie.**

1. An action in equity will not lie to amend a decree of distribution made by a probate court, where there is no fraud and no mistake other than an erroneous construction of the terms of a will.

**Same.**

2. The decree in question is not so clearly inconsistent with the provisions of the will as to demonstrate that such provisions were overlooked.

**Findings supported by evidence.**

3. The findings of the trial court are sustained by the evidence.

Clara E. Robinson and Frederick E. Reynolds, sole surviving children, petitioned the probate court for Hennepin county to amend its final decree in the matter of the estate of Clinton E. Reynolds, deceased. The probate court issued an order to show cause why the relief prayed for should not be granted and after due hearing the order was discharged, Harvey, J. From that decision petitioners appealed to the district court for Hennepin county where the matter was heard before Hale, J., who made findings and affirmed the decision of the probate court. Petitioners' motion for amended findings was denied. From an order denying their motion for a new trial, petitioners appealed. Affirmed.

*James D. Shearer* and *L. B. Byard,* for appellants.

*William P. & H. W. Roberts,* for respondent.

TAYLOR, C.

Clinton E. Reynolds, a resident of Hennepin county, died testate December 28, 1898, leaving surviving him Rella J. Reynolds, his second wife, and Clara E. Robinson, Charles E. Reynolds, William E. Reynolds

[1]Reported in 163 N. W. 786.

and Frederick E. Reynolds, his children by his first wife. On February 27, 1899, the probate court of Hennepin county duly admitted his last will and testament to probate, and appointed Rella J. Reynolds, his widow, as executrix thereof. After the payment of the debts and the expenses of administration, only the homestead remained, and on February 17, 1900, the probate court made and entered a final decree assigning the homestead as follows: "To the said Rella J. Reynolds for and during the full term of her natural life, or should she remarry, then only until the happening of such event, with remainder after the termination of her estate therein to the said Clara E. Robinson, Charles E. Reynolds, William E. Reynolds and Frederick E. Reynolds, share and share alike."

Charles E. Reynolds died intestate and without issue December 12, 1899, leaving his widow, now Leccie Sedgley Thomson, as his sole heir. William E. Reynolds died intestate and unmarried January 5, 1907, leaving his sister, Clara E. Robinson, and his brother, Frederick E. Reynolds, as his sole heirs. The life estate of Rella J. Reynolds in the homestead terminated by her death July 12, 1915. Thereafter the surviving children, Clara E. Robinson and Frederick E. Reynolds, petitioned the probate court to amend its final decree, alleging, as the ground therefor, that, through mistake, inadvertence and clerical error, the decree assigned the remainder in fee in the homestead to the children living at the death of the testator, instead of directing that the homestead be sold at the termination of the estate of Rella J. Reynolds, and that the proceeds be divided among the children or their issue then living, as provided by the will. This application was opposed by Leccie Sedgley Thomson, the widow and sole heir of Charles E. Reynolds, and was denied by the probate court. The petitioners appealed to the district court, and, while the appeal was pending in that court, they also brought an action in equity in that court, setting forth the same facts and asking for the same relief as in their petition to the probate court. The two actions were tried together in the district court, and both were submitted upon the same evidence, the only purpose of bringing the action in equity being to avoid the question as to whether the probate court had jurisdiction to amend its judgment after the time to appeal therefrom had expired. The district court made findings of fact and conclusions

of law and directed judgment confirming the final decree. An appeal from an order denying a new trial brings the matter before this court.

The rules governing such actions are well settled. If the decree of distribution was obtained by fraud, or was the result of mistake, relief may be had in equity, "but if there is no fraud, and no mistake other than an erroneous construction of the terms of the will, the decree is binding and conclusive." Leighton v. Bruce, 132 Minn. 176, 156 N. W. 285. In the instant case there is no claim of fraud, and upon the question of mistake and clerical error the finding of the trial court is: "That said decree of distribution was a deliberate judicial construction of said will by the probate court, and that there was neither fraud, inadvertence, mistake or clerical error in the making thereof." If this finding is sustained by the evidence, no ground exists which will justify a court of equity in interfering with the decree, and as no appeal was taken therefrom, it is binding, conclusive and final. The appellants sought to show, at the trial, that the decree was prepared by a deputy clerk in the probate office, and was signed by the probate judge without having the will before him, and without considering or determining for himself whether the decree gave proper effect to the provisions of the will. The evidence presented goes no further than to show that it is possible, though not probable, that such was the fact, and is clearly insufficient to overcome the presumption that the decree expresses the deliberate judgment of the court.

Appellants contend that the second paragraph of the will provides for the sale of the homestead at the termination of the estate of Rella J. Reynolds, and for the division of the proceeds between the children, or their issue, living at the termination of such estate, and excludes the heirs other than his issue, of a child not then living, from any interest therein; and further contend that this provision is so inconsistent with the decree that it must have been overlooked. Assuming that appellants' construction of this paragraph is correct, we cannot assent to the conclusion they draw therefrom. This paragraph reads as follows:

"I do hereby give and bequeath unto my beloved wife, Rella J. Reynolds, my homestead, and in addition thereto all my household goods and furniture of every kind, nature and description; also all carriages, buggies, harnesses and robes, for and during her natural life provided that she does not again marry; but in case she again marries, then said

homestead and said household goods and furniture shall revert to my children hereinafter named; but at her death or upon her marriage all the said property above mentioned, including homestead, horses, carriages, buggies, harnesses and robes and household goods and furniture, shall revert to my children or their lawful issue, and all such property sold and the proceeds thereof equally divided between my surviving children or their lawful issue surviving them or either of them."

The third paragraph of the will gives $10,000 of life insurance to the widow. The fourth paragraph gives $2,000 of life insurance to the children, "which said sum shall be equally divided between my said children; but in case of the death of either of my said children, then the proportion or proportions of said child or children shall go to the lawful issue of said child or children surviving." The fifth paragraph gives one-third of the residue of the estate to the widow. The sixth paragraph provides that the remainder of such residue "shall be equally divided between my said children; or in case of death of either of my said children, then to those who are living and the lawful issue of any deceased child or children surviving."

It is evident that in the fourth and sixth paragraphs the testator made provision for the children living at his death, and for the issue, if any, of children not then living. Under these paragraphs the death of the testator is the time at which the rights of the beneficiaries are to be determined. An examination of the second paragraph shows that it was carelessly drawn; and that the intent of the testator is not clear. We note, as indicating carelessness, that horses are not included in the gift to the wife, but are included as part of the property which "shall revert" to the children at her death or remarriage; that one clause provides that at the remarriage of the wife the homestead and household goods and furniture "shall revert" to the children, but omits the other property given to her; and that the next clause provides that at her remarriage all the property given to her in this paragraph "shall revert" to the children, and also contains other provisions in part inconsistent with the preceding clause. No interest in the homestead was given to any one except the wife and the children and their issue. The wife was given a life estate only, and this was subject to be divested by her remarriage. The provision, twice repeated, that the homestead, at the death

137 M—29

or remarriage of the wife, "shall revert" to the children does not har-monize with the provision that it shall be sold; and these provisions, taken in connection with all the provisions in the will, are not so incon-sistent with an intent, on the part of the testator, to give the homestead to his children subject to the estate given to his wife, that we can say that the court must have overlooked these provisions when it assigned the homestead to the children subject to such estate.

Doubtless the terms of a decree, distributing property pursuant to a will, may be so glaringly at variance with the plain provisions of the will that a court of equity can say that such provisions must have been overlooked; but the provisions in question are neither so plain, nor the variance therefrom in the decree so unexplainable, as to warrant us in saying that an inspection of the two instruments demonstrates that the provisions of the will could not have been in the mind of the court when it made its decree. The findings of the trial court are fully sustained by the evidence, and both orders appealed from are affirmed.