## CARRIE SCHMITZ v. WILLIAM MARTIN, SUBSTITUTED IN PLACE AND STEAD OF AGNES ELIZABETH MARTIN, DECEASED.[1]

July 8, 1921.

No. 22,302.

**Action to set aside final decree of probate court.**

1. An action may be maintained in a district court to set aside a decree of a probate court on the ground of fraud.

**Finding sustained by evidence.**

2. The evidence is sufficient to sustain a finding of the court that plaintiff was the wife and sole heir of Paul Schmitz, a devisee under the will of Michael Schmitz.

**Finding that decree was obtained by fraud sustained by evidence.**

3. Paul died after the death of Michael. Agnes, a daughter of Michael and sister of Paul, after the death of Paul, procured from the probate court a decree assigning the share of Paul to their mother, with the result that after the mother's death it descended to Agnes. There is evidence that Agnes knew that plaintiff was the surviving wife of Paul. The decree was procured without the knowledge of plaintiff, on representation that Paul died without issue, and without revealing to the probate court the existence of plaintiff. The evidence is sufficient to sustain the decision of the court that the probate decree was procured by fraud.

Action in the district court for Le Sueur county to set aside a decree of the probate court for that county. The facts are stated in the opinion. The case was tried before Tifft, J., who made findings and ordered judgment in favor of plaintiff. From an order denying the motion of the substituted defendant for a new trial, he appealed. Affirmed.

*Thomas Hessian,* for appellant.

*W. H. Leeman,* for respondent.

[1]Reported in 183 N. W. 978.

HALLAM, J.

Michael Schmitz was for many years a resident farmer of Le Sueur county. In 1882 he made a will in which he gave his farm to his wife, Anne Mary, for life, and on her death to their son, Paul, and their daughter, Agnes, share and share alike. Michael died in October, 1898. About 1911 Paul died. In October, 1912, Agnes, then Agnes Martin, presented her father's will for probate, procured it to be probated and procured a final decree of the probate court, assigning the land, subject to the mother's life estate, in equal proportions to herself and to her mother, on the theory evidently that the mother was the sole heir of Paul.

The mother later conveyed her interest to Agnes. The mother is now dead. After her death, plaintiff, claiming to be the widow of Paul, commenced this action in the district court against Agnes to set aside the probate decree on the ground that it was obtained by fraud. During the pendency of the action Agnes died and William Martin was substituted as defendant in her stead. The court found for plaintiff. Defendant appeals.

1. Defendant contends that the probate decree is a judgment "conclusive against the world" and "immune from attack." It is indeed a judgment of a court of general jurisdiction and in general it may be said "it is undoubtedly final unless reversed, and concludes all parties interested as to everything necessarily involved in the decree." Greenwood v. Murray, 26 Minn. 259, 2 N. W. 945; Ladd v. Weiskopf, 62 Minn. 29, 64 N. W. 99, 69 L.R.A. 785. It has the same force and effect as a judgment of the district court. But, like a judgment of the district court, it may be assailed and set aside in a direct proceeding for that purpose, on the ground of fraud. Leighton v. Bruce, 132 Minn. 176, 156 N. W. 285; Robinson v. Thomson, 137 Minn. 446, 163 N. W. 786; Savela v. Erickson, 138 Minn. 93, 98, 163 N. W. 1029.

2. This action is predicated on fraud, and, if the fraud is established, the action may be maintained. The question then is did plaintiff's evidence establish fraud? Of course this involves the further question whether plaintiff has established the fact that she was the wife of Paul Schmitz, for, if not, she could have no possible rights in the property at all. The court found that plaintiff was the wife of Paul. We

think the evidence on this point sufficient to sustain the finding. Plaintiff testified that she married Paul Schmitz in 1878; that she lived with him in Michigan until his death under the name of Smith; that Agnes Martin was her husband's sister; that Agnes had visited them in Michigan and she had visited Agnes and her mother in Minnesota; that they had corresponded back and forth. This evidence was given in June, 1918. Agnes was then ill. The case was continued and was taken up again in September, 1919. In the meantime, and not earlier than December 25, 1918, Agnes died. There was no denial of plaintiff's testimony. The testimony of Agnes was never taken, although she lived at least six months after plaintiff's testimony was given, and during that time was able to deed her interest in the property to the present defendant. It appears from the evidence that Agnes had children. No member of the Martin family denied plaintiff's testimony. The record of the death of Paul, in the office of the clerk of the court in the county where he resided, misstates the name and residence of both his father and mother, but it does not appear on what information this record was made, and it is not conclusive against plaintiff.

3. The evidence of fraud is not direct. It appears, however, that Agnes made the petition for probate of the will, and in it stated that Paul had died without issue, gave the names of herself and her mother as all of the heirs and devisees of her father, and made no mention of plaintiff. The decree contained the same recital, contained no reference to plaintiff, and assigned the estate as above mentioned. The decree was obtained without the knowledge of plaintiff. If, as the court properly found, plaintiff was the wife of Paul, she was entitled to the portion of the father's estate that was willed to Paul. It is a permissible inference from the testimony that Agnes knew that plaintiff was the surviving wife and heir of Paul and that she concealed that fact from the probate court, and wrongfully procured a decree diverting this share of the property from plaintiff to the mother, with the result that it descended to Agnes on the mother's death.

Order affirmed.