R. M. ALEXANDER v. WILLIAM W. HUTCHINS AND ANOTHER.[1]

March 14, 1924.

No. 23,818.

**When motion to vacate judgment is not too late.**

1. Under section 7786, G. S. 1913, authorizing the vacation of a judgment within one year after notice thereof, a motion to vacate is not too late, although made after the expiration of the time within which an appeal from the judgment might have been taken, when it is not sought by the motion to accomplish a result which might have been secured by an appeal.

**Lack of diligence shown by moving parties.**

2. There was a lack of diligence in the failure to seek relief from a judgment of foreclosure and sale until nearly 9 months after the

[1]Reported in 197 N. W. 754, 756.

moving party became chargeable with notice of the judgment, the land being worth less than the amount of the charges upon it and the mortgagor having long been in default in the payment of interest and taxes.

Action in the district court for Kittson county to foreclose a mortgage for $3,000. The case was tried before Watts, J., who ordered judgment in favor of plaintiff, which was entered on October 16, 1922. From an order, dated August 2, 1923, granting defendant William's motion, dated July 11, 1923, to open the judgment and grant defendants a new trial, plaintiff appealed. Reversed.

*P. H. Konzen* and *F. H. Peterson*, for appellant.
*Halvor Steenerson* and *Theodore F. Neils*, for respondents.

LEES, C.

This is an appeal from an order vacating a judgment in appellant's favor in an action for the foreclosure of a mortgage. For a better understanding of the facts, reference is made to Henry v. Hutchins, 146 Minn. 381, 178 N. W. 807, the mortgage involved in this action being one of the two which Henry paid under the circumstances mentioned in the opinion.

Henry assigned the mortgage to appellant December 19, 1921, after it had been reinstated by the judgment of the district court. The foreclosure action was begun in February, 1922. The respondents answered through their attorneys, Messrs. Jenswold & Jenswold of Duluth. The answer alleged that the assignment to appellant was colorable only; that he was not a purchaser in good faith, and that the purpose of the parties to the assignment was to defeat the collection of a judgment respondents had obtained against Henry in an action for the recovery of damages for the wrongful taking of possession and subsequent occupancy by Henry of the land in question. The judgment was for $6,263.62. It was pleaded as a set-off to the mortgage indebtedness. It is alleged that Henry is insolvent. Apparently, aside from their claim to a set-off, respondents had no defense to the foreclosure suit.

The foreclosure action was noticed for trial at the June, 1922, term of the district court of Kittson county. Hutchins appeared in person without his attorneys, and, at his request, the trial was postponed from time to time and finally took place at Crookston on September 9, 1922. When the first continuance was granted, Hutchins represented to the court that his attorneys had possession of all the papers in the actions involving the mortgaged land and had agreed to turn them over to the attorney who might be substituted for them, and that he could not proceed with the trial until the papers were obtained and new counsel had an opportunity to become familiar with the facts. In July, 1922, respondents served an amended answer, in which they departed from their original defense by pleading the proceedings in this court and the result of the appeal in Henry v. Hutchins. On September 9 Hutchins again appeared without an attorney, stating that he had been unable to get a substitution and that he would proceed to trial and act as his own attorney. The trial judge told him that he might employ an attorney without getting a substitution and that he would be allowed time to do so, but he chose to proceed alone. He elected to go to trial on the amended answer. Evidence was taken and then respondents were given 10 days time in which to present their case in writing through any attorney they chose to employ. They made no attempt to do so and the court made findings, and a judgment of foreclosure and sale was entered on October 16, 1922. Thereafter appellant, on two separate occasions, gave notice of a sale of the land but in each instance, owing to some defect in the proceedings, the sale was abandoned. The third notice was followed by a sale on April 2, 1923. An application for the confirmation of the sale was heard on April 24, Hutchins appearing and objecting, but his objection was overruled and the sale confirmed. On July 12 respondents made the application for the vacation of the judgment which resulted in the order from which this appeal was taken. The application was accompanied by a proposed answer signed by one of respondents' present counsel, differing in no material respect from the answer interposed by Messrs. Jenwold & Jenswold.

In substance the reasons for opening the judgment, as set forth in the moving papers, are: That respondents had expected Messrs. Jenswold & Jenswold to appear for them at the trial and were taken by surprise when they did not appear; that through ignorance of the law they failed to state any defense in their amended answer; that all their papers are still in the possession of their former attorneys, who have not consented to a substitution of other attorneys; that when the case was finally heard it was too late to employ an attorney who, within the time limited, could become sufficiently familiar with the facts to present their defense properly, and that any argument submitted after the evidence was in would necessarily be confined to a discussion of the defense respondents had pleaded in their amended answer and would have been wholly un-availing because of the insufficiency of the answer.

The order vacating the judgment was made on August 2, 1923. It directed that the case should be retried on September 10, 1923.

At the argument here, appellant's first contention was that the court had no jurisdiction to vacate the judgment because more than 6 months had gone by since it was entered. It was contended that the application came too late because the time for taking an appeal had expired. Gallagher v. Irish-Am. Bank, 79 Minn. 226, 81 N. W. 1057, and Kelly v. McKeown, 151 Minn. 525, 184 N. W. 273, were cited in support of this contention.

In the first case, it was sought by motion to accomplish the result which might have been secured by an appeal. In the second, the judgment having been affirmed on appeal, it was held that section 7786, G. S. 1913, did not authorize the court to set it aside for a cause which might have been urged on the appeal. Connelly v. Carnegie D. & F. Co. 148 Minn. 333, 181 N. W. 857, is to the effect that a judgment cannot be corrected by the court rendering it, because of judicial error, when it has stood unchallenged until the time for review by this court has passed. It is clear that the power to set aside a judgment for good cause shown is not the same as the power to correct it for judicial error. Our decisions establish the rule that a defeated party may not let a judgment stand until it is too late to appeal from it and then seek by motion

under section 7786 to obtain the relief he might have secured by motion for a new trial or by an appeal. Manifestly the present case does not come within the rule.

Section 7786, authorizing the court to relieve a party from a judgment taken against him by reason of his mistake, etc., limits the time within which relief may be had to one year after notice of the judgment. In applying the statute we have held that the moving party must act with diligence. His application must be made within a reasonable time after notice of the judgment. He may not wait until a year has nearly gone by and then seek the aid of the court. National Council K. & L. of S. v. Canter, 132 Minn. 354, 157 N. W. 586; Dunnell, Minn. Dig. § 5015.

Respondents were chargeable with notice of the judgment many months before they applied for relief. Among other facts and circumstances those presently mentioned lead to the conclusion that respondents failed to use due diligence in making their application. The repeated attempts to sell the land under the judgment, the confirmation of the sale, and the employment of their present counsel on April 10, 1923, go to show that they knew of the existence of the judgment long before they applied for its vacation. The land is mortgaged for $5,500. No interest has been paid on the first mortgage since December 1, 1916, and no taxes were paid by respondents after 1917. When the second mortgage was assigned to appellant the unpaid interest thereon amounted to $1,241. The reasonable value of the land at the present time is about $5,600. The charges against it at the end of another year will greatly exceed its value. Relief should have been denied because of respondents' laches and the judgment should not have been disturbed. The order vacating it is, therefore, reversed.