LULU DeWOLF v. G. M. ERICSON.[1]

June 29, 1928.

No. 26,686.

**No amendment in district court of decree of distribution of probate court.**
    1. The probate court is a court of record of superior jurisdiction. Its judgments are not subject to collateral attack. The district court cannot in an independent action in equity amend the decree of distribution of the probate court for mere errors in making up the final account by the administrator.

**Finding prevents recovery of money judgment against administrator.**
    2. The finding that the defendant administrator paid the plaintiff the share awarded her by the decree of distribution of the probate court prevents the recovery of a money judgment.

[1]Reported in 220 N. W. 406.

Courts, 15 C. J. p. 1009 n. 38; p. 1011 n. 85.
Executors and Administrators, 24 C. J. p. 532 n. 29.
Judgments, 34 C. J. p. 518 n. 14.

See 15 R. C. L. 867; 4 R. C. L. Supp. 1022.

Plaintiff appealed from a judgment of the district court for Pine county, Stolberg, J. amending a decree of the probate court and adjudging that plaintiff recover nothing from defendant as administrator of the estate of her father. Modified.

*Weikert, Lohmann & Wilford, David Lundeen* and *A. B. Christofferson,* for appellant.

*S. Bernhard Wennerberg* and *Sullivan & Neumeier,* for respondent.

DIBELL, J.

Action to recover the sum of $4,261.06, the amount decreed by the probate court of Pine county to be the distributive share of the plaintiff in the estate of Milo D. Gates, her father, of which the defendant was the administrator. The defendant answered and asked that the decree of the probate court be amended. He also alleged that he had paid the plaintiff.

The court made findings and directed the amendment of the decree and further found that the defendant had paid the plaintiff in full. From a judgment amending the probate judgment and adjudging that the plaintiff recover nothing, the plaintiff appeals.

1. The probate court is a court of superior jurisdiction, and its decrees are not subject to collateral attack. 5 Dunnell, Minn. Dig. (2 ed.) §§ 7769a, 7774.

The most that can be claimed by the defendant is that there was error in decreeing the sum of $4,261.06 to the plaintiff in that he, the defendant, charged himself as administrator with $1,000 more than he should and made other minor mistakes against himself amounting to $178.24, resulting in making the plaintiff's distributive share $785.48 more than it should be. It was his own doing. Such error could be corrected on appeal to the district court from the

probate court, or within the proper time the probate court could have amended the decree.

It has been said in a general way that a probate decree may be amended in an action in the district court because of fraud or mistake; but in no case has there been an amendment where the error was no more than an error in making up the account, as in this case.

The cases cited by the plaintiff, applied to the facts of this case, do not support her contention. In Vaule v. Miller, 69 Minn. 440, 72 N. W. 452, it was held that a judgment of a justice of the peace might be attacked when there was no jurisdiction by answer when suit was brought upon it in the district court. In Leach v. Leach, 162 Minn. 159, 202 N. W. 448, nothing else was held than that it might be shown by parol that a note was given to evidence an advancement. No question of attacking the judgment of the probate court was involved. In Bruski v. Bruski, 148 Minn. 458, 182 N. W. 620, the general statement is that a court of equity may relieve against a decree of the probate court obtained by fraud or by reason of a mistake of fact. The final decree of distribution there involved was not so obtained, and the facts involved were not at all similar to those involved in the case at bar. The case of Schmitz v. Martin, 149 Minn. 386, 183 N. W. 978, involved actual fraud in obtaining a decree, and relief was given. An erroneous decree of distribution cannot be amended simply because it is erroneous. Leighton v. Bruce, 132 Minn. 176, 156 N. W. 285; Robinson v. Thomson, 137 Minn. 446, 163 N. W. 786. The probate court has exclusive jurisdiction in settling the account of the administrator. Pierce v. Maetzold, 126 Minn. 445, 148 N. W. 302; First Tr. & Sav. Bank v. U. S. F. & G. Co. 156 Minn. 231, 194 N. W. 376; Id. 161 Minn. 88, 200 N. W. 848; Id. 163 Minn. 168, 203 N. W. 612; Lyngen v. Tessum, 169 Minn. 304, 211 N. W. 314. All that is shown is that the administrator, in presenting his account to the probate court, made some errors unfavorable to himself. There was no fraud. Good policy requires that decrees of the probate court, though erroneous, be saved from collateral attack, though the appli-

cation of the rule may cause suffering in an individual case. 5 Dunnell, Minn. Dig. (2 ed.) § 7774.

2. The court found that prior to the commencement of the action the defendant paid to the plaintiff, or at her request, all of the amount involved in the original decree, and that there was nothing due from defendant at the time of the commencement of the action. There is no settled case and the evidence is not before us. This finding prevents the recovery of a money judgment by the plaintiff.

The judgment under review, so far as it adjudges that there be no money recovery, is correct. However the decree of distribution should not have been amended, and the judgment, so far as it assumes to amend it, is in error. The judgment is modified by vacating the portion of it which amends the decree of distribution of the probate court; otherwise, and in so far as it denies the plaintiff a money judgment, it is affirmed.

Judgment modified.