## DAVID BROTTON v. JOHANNA DONOVAN.[1]

March 22, 1929.

Nos. 27,214, 27,431.

*Morgan & Nichols,* for appellant.
*Meighen, Knudson & Sturtz,* for respondent.

[1]Reported in 224 N. W. 270.

HOLT, J.

Action to partition certain lands in Freeborn county. Plaintiff alleged that he and defendant were tenants in common. Defendant denied that plaintiff owned any interest whatever in the land. When the trial had developed that the husband of defendant, Richard Donovan, residing in Freeborn county, on January 26, 1924, died seized in fee of the lands in question and that thereafter his estate was duly probated and a final decree entered by the probate court of said county December 8, 1924, decreeing defendant the sole heir and assigning to and vesting in her all of said lands of Richard Donovan, deceased, plaintiff offered to prove that he was the natural son of Richard Donovan, born out of wedlock, but that he had been recognized by said Donovan as his son in writing before a witness. The court upon an objection to the offered testimony excluded the same and on defendant's motion dismissed the case. Plaintiff appeals from the judgment.

Our constitution [art. 6, § 7] ordains that a probate court "shall have jurisdiction over the estates of deceased persons." This of course includes the administration of the estate and the distribution of what remains after the administration is concluded to the person or persons entitled thereto, and this necessarily requires an adjudication as to who is an heir, devisee or legatee of the deceased. Greenwood v. Murray, 26 Minn. 259, 2 N. W. 945; Culver v. Hardenbergh, 37 Minn. 225, 33 N. W. 792; Fitzpatrick v. Simonson Bros. Mfg. Co. 86 Minn. 140, 90 N. W. 378; Haataja v. Saarenpaa, 118 Minn. 255, 136 N. W. 871; In re Estate of Barlow, 152 Minn. 249, 188 N. W. 282; O'Brien v. Lien, 160 Minn. 276, 199 N. W. 914. The administration of the estate of a deceased person is a proceeding in rem, and the final decree therein is binding upon every one interested in the estate. No claim is made of omission or failure to give the notices required by law in order to invest the probate court with full jurisdiction to pronounce the final decree in this instance. That being so, the law is settled in this state that so long as the decree stands it is conclusive as to all the world and is not subject to collateral attack. Pierce v. Maetzold, 126 Minn. 445, 148 N. W.

302; Christianson v. King County, 239 U. S. 356, 36 S. Ct. 114, 60 L. ed. 327. The complaint in this action did not disclose the existence of a final decree in Richard Donovan's estate, nor that either plaintiff or defendant claimed title to the land through him. It made no attack upon the decree of the probate court in the estate mentioned because of fraud or mistake, nor did it show that any application had been made to the probate court to have its final decree opened for any legal reason or excuse. Plaintiff did not bring himself within such decisions as Leighton v. Bruce, 132 Minn. 176, 156 N. W. 285; Robinson v. Thomson, 137 Minn. 446, 163 N. W. 786; Savela v. Erickson, 138 Minn. 93, 163 N. W. 1029; Schmitz v. Martin, 149 Minn. 386, 183 N. W. 978, which were all direct attacks on the decrees of the probate court, or came to the district court on appeal from the action of the probate court refusing or granting an application to open its decree.

The judgment is affirmed.