## IN RE ESTATE OF JOHN N. SIMON.
## AMERICAN SURETY COMPANY, APPELLANT.[1]

December 9, 1932.

No. 28,948.

*Orr, Stark, Kidder & Freeman,* for appellant.
*Fosnes & Rolloff* and *J. A. Lee,* for J. A. Lee, respondent.

WILSON, C. J.

Appellant appealed from a judgment wherein an order of a probate court was affirmed.

Julius Thorson was the representative of the estate of John N. Simon, deceased. Appellant was the surety on his bond. While so acting, Thorson died March 8, 1928. On November 30, 1928, J. A. Lee succeeded Thorson. H. S. Simons became the representative of the Thorson estate, which was insolvent.

In October, 1928, H. S. Simons, as such representative, filed an account of the administration of said Thorson. Due notice for hearing thereon was given, and on December 6, 1928, the judge of probate made an order in reference thereto wherein, after the general recitals, it concludes thus:

"It Is Therefore Ordered, That said account, as adjusted and settled herein and shown by the summary statement thereof hereto attached and recorded therein, be and the same hereby is, allowed and that upon the delivery and payment to said J. A. Lee, the Administrator De Bonis Non of the John N. Simon estate of the balance of the property and estate of said estate as settled and allowed herein, and the filing of satisfactory and proper vouchers and evidence of said delivery and payment in this Court, the bondsmen and sureties of said deceased Julius Thorson, be, and they hereby shall be, discharged from any and all further liability in said matter. Excepting for the amount shown to be due from said Thorson to the said Simon Estate.

"Dated this 6th day of December A. D. 1928.

"J. N. Edwards,
"Probate Judge,
"Swift County, Minnesota.

"SUMMARY STATEMENT.

| | | |
|---|---|---|
| Amount of property as per inventory | $11,838.32 | |
| Increase of property above inventory | | $11,838.32 |

The Credit Side of Said Account

| | | |
|---|---|---|
| Expense of administration | $2,633.56 | |
| Expense of last sickness | | |
| Funeral expenses | | |
| Paid to widow and children by order of court | | |
| The debts of said deceased | | 2,633.56 |
| | | |
| Balance due | | $9,204.76" |

Of course the account then under consideration and which was so summarized by the court disclosed the transactions in detail.

About May 1, 1930, J. A. Lee and H. S. Simons, acting presumably in their respective representative capacities, filed with the probate court a petition claiming:

"That by and through a mistake of fact, excusable inadvertence, oversight and neglect of said J. N. Edwards, Judge of Probate, the Order made by him under date of December 6th, 1928, * * * did not fix, decide or determine the sum belonging to the estate of said John N. Simon, deceased, which the said Julius Thorson had converted to his own use, or the sum or amount in which he was indebted to the estate of John N. Simon by reason of such conversion."

The petition put the alleged mistake of fact at the door of the judge of probate. It prayed that the order of December 6, 1928, be amended and corrected, that the indebtedness of Thorson to said estate be ascertained and determined by the court, and that the order be corrected to show the true amount of such indebtedness.

The probate court made an order on July 23, 1930, wherein it found:

"That through a mistake of fact, excusable inadvertence, oversight and neglect that the Order allowing the Final Account of Julius Thorson as such administrator did not definitely determine, show or fix the amount due the estate of John N. Simon from Julius Thorson as administrator, or the amount of money or effects belonging to said estate converted and appropriated by Julius Thorson, as such administrator."

The court then charged Thorson with additional amounts and interest to that date. Exclusive of interest, the principal item involved is one of $700. Appellant appealed to the district court, which found that the order of December 6, 1928, was not correct or conclusive and that it did not have the force and effect of a judgment; that the court had not determined the amount Thorson had embezzled and had not determined the amount with which Thorson should be charged. The district court determined that Thorson owed the estate about $2,260 more than the order of December 6, 1928, determined, this additional amount being based upon the $700

and interest on the full amount claimed to be due from the appellant.

The account so considered by the order of December 6, 1928, and filed by H. S. Simons was made the best he could. He did not know of any mistake or omission. To the best of his knowledge it was a true account. No one else then thought otherwise. The order in form and substance was just what the probate court intended and what the parties wanted.

The principal item in controversy is a claim that there is an omission of an item of $700 which it is said Thorson embezzled. The basis for this claim was discovered by respondent in December, 1928. Mr. Lee, the respondent, knew of the order when it was made or at least within a period of 30 days thereafter, and until then the alleged true situation was not known to any one of the parties.

The account on its face was complete; also the order settling the account, which definitely shows that Thorson owed the estate $9,204.76. Of this $2,542.17 was turned over in the form of acceptable notes, which are not here in controversy, and appellant has at all times been ready, willing, and able to pay the balance of $6,662.59 as of December 6, 1928. Of the $2,542.17 it is conceded that $42.17 was cash included in the $9,204.76.

We pass the very doubtful question as to whether there is evidence to show that the $700 item, apparently embezzled by Thorson as claimed, was not included in the property inventoried and therein charged to Thorson in the account allowed on December 6, 1928. The final account shows interest collected in the sum of $2,990.82, and the evidence is not clear that this does not cover and include all the interest with which Thorson should be charged. We will assume, however, that the $700 is an embezzled item for which there has been no accounting.

■ The order of the probate court of December 6, 1928, was a final order settling the account and determining the amount due from Thorson to the estate to be $9,204.76. No appeal was taken. That was the amount with which the representative was charged. Whether it was then in his hands or whether all or part of it had

been embezzled is not to the point. The court then and there determined the amount which he owed the estate.

Much is said about the last sentence in the order; but we think it merely an awkward statement that Thorson and his surety were not discharged from liability for the $9,204.76, which the order contemplated was to be paid and the receipts therefor filed, until this was done. Certainly it cannot be construed as limiting the order to property on hand to the exclusion of money or property embezzled. Nobody then knew of any property being embezzled. He had however wrongfully used different amounts of the trust funds and put in his own worthless notes. The purpose of the account was to show what amount was due from Thorson to the estate, that is, the amount which he owed to it. The determination by this order was in proper form, even had the full $9,204.76, or any part thereof, been converted by Thorson. The amount which he owed the estate did not depend upon the extent of his embezzlement. The effective part of the order when read with the summary statement, showing "balance due $9,204.76," is this:

"That said account, as adjusted and settled herein and shown by the summary statement thereof hereto attached and recorded therein, be and the same hereby is, allowed."

If the last sentence in the order is susceptible to a possible construction favorable to respondent, it was related to the matter of discharge only and could in no way impeach the allowance and settlement of the account. Such an order is final and stands as a judgment, and we hold the order sufficient as to the amount. Balch v. Hooper, 32 Minn. 158, 20 N. W. 124; Pierce v. Maetzold, 126 Minn. 445, 148 N. W. 302; Wold v. Peoples T. & S. Bank, 179 Minn. 523, 229 N. W. 785; Lyngen v. Tessum, 169 Minn. 304, 211 N. W. 314; First T. & S. Bank v. U. S. F. & G. Co. 163 Minn. 168, 203 N. W. 612; Melstrom v. Terry, 170 Minn. 338, 212 N. W. 902.

■ At common law the court could at any time correct its records so as to conform to what it had intended. This power related strictly to mere clerical error or misprision. It could not thus reach judicial error. But here there was no clerical error or misprision

on the part of the court; hence no relief could be granted under the common law power. In re Estate of Turner, 181 Minn. 528, 233 N. W. 305; First T. & S. Bank v. U. S. F. & G. Co. 163 Minn. 168, 203 N. W. 612. In this respect the probate court has the same power as the district court. This power is under the inherently implied power which the court has and may exercise by virtue of the constitution and the common law. This right does not expire with the termination of the right of appeal, nor with the lapse of the statutory one-year limitation after notice which is hereinafter mentioned. This power, however, is an incidental one and intended to do away with clerical error, to clarify ambiguities, and to make judgments read as they were intended. There can be no remedy by motion to correct a judgment for judicial error. Connelly v. Carnegie D. & F. Co. 148 Minn. 333, 181 N. W. 857. There being no fraud or mistake of fact and the only grievance being based entirely on a legal right, the party's only remedy after entry of judgment was by appeal.

■ G. S. 1923 (2 Mason, 1927) § 8701, provides that the probate court shall have the same powers as a district court in certain particulars, including:

"4. To correct, modify or amend its records to conform to the facts and to correct its final decrees so as to include therein property omitted from the same or from administration."

G. S. 1923 (2 Mason, 1927) § 9283, relating to the powers of the district court, in part provides:

"For a mistake, inadvertence, surprise, or excusable neglect of a party, the court may relieve him from any judgment, order, or other proceeding taken against him within one year after notice thereof."

If therefore respondent sought relief because of any mistake, inadvertence, or neglect on his part, he would seek relief through §§ 8701 and 9283. If he is so proceeding under these sections, the petition should show that he is proceeding within less than one year after notice. Kipp v. Clinger, 97 Minn. 135, 106 N. W. 108.

The petition does not so allege. Indeed, it is conceded by respondent that he did not proceed herein until the expiration of one year after notice. The record also shows such to be the case. Hence he cannot prevail upon this theory. McClure v. Bruck, 43 Minn. 305, 45 N. W. 438; Alexander v. Hutchins, 158 Minn. 391, 197 N. W. 754, 756. See also DeWolf v. Ericson, 175 Minn. 68, 220 N. W. 406.

The allegations of the petition herein are that the judge of probate was guilty of a mistake of fact, excusable inadvertence, and oversight. The proof shows that the only delinquency, if any, was that of respondent and the parties interested rather than the court. The only mistake, if any, was the failure of respondent to prove and call the court's attention to the items which he now claims were omitted from the final account. Such is insufficient to support an application of this character. The fact is that respondent did not then know of any such item; neither did the court.

■ In the absence of fraud or mistake of fact, the power of the probate court to amend, modify, or vacate an order or decree was exhausted when the time to appeal therefrom expired. Leighton v. Bruce, 132 Minn. 176, 156 N. W. 285; Robinson v. Thomson, 137 Minn. 446, 163 N. W. 786; Savela v. Erickson, 138 Minn. 93, 163 N. W. 1029; Bruski v. Bruski, 148 Minn. 458, 182 N. W. 620.

In Savela v. Erickson, 138 Minn. 93, 99, 163 N. W. 1029, 1031, it was said that relief from "surprise or excusable inadvertence or neglect" might be justified under G. S. 1913, § 7490(8), now G. S. 1923 (2 Mason, 1927) § 8983(8); but it seems to us that this was an inadvertent statement, since that statute merely authorizes an appeal and is in no way a grant of power.

■ G. S. 1923 (2 Mason, 1927) § 9283, provides among other things:

"The court, in its discretion, * * * may, for good cause shown, modify or set aside its judgments, orders, or proceedings, * * * and may supply any omission in any proceeding, or in the record," etc.

The authority to act upon "good cause" came from L. 1876, p. 68, c. 49. This statute is not inconsistent with the portion of the same

statute hereinbefore mentioned relating to fraud, mistake, inadvertence, surprise, or excusable neglect. Under § 9283, when the application is based exclusively upon legal right, the time in which such application may be made is limited to the time in which an appeal may be had. Gallagher v. Irish-Am. Bank, 79 Minn. 226, 81 N. W. 1057.

■ "Probate courts have no general equity jurisdiction such as district courts have, but they have all the powers, legal or equitable, essential to the due exercise of the jurisdiction conferred upon them by the constitution. * * * They may apply the law to the facts whether the law is statutory, common law, or the principles of equity. Their equity jurisdiction is merely incidental to the administration of estates." Dunnell, Minn. Probate Law, § 25.

In speaking of a probate decree, this court in Schmitz v. Martin, 149 Minn. 386, 183 N. W. 978, 979, said:

"It has the same force and effect as a judgment of the district court. But, like a judgment of the district court, it may be assailed and set aside in a direct proceeding for that purpose, on the ground of fraud. Leighton v. Bruce, 132 Minn. 176, 156 N. W. 285; Robinson v. Thomson, 137 Minn. 446, 163 N. W. 786; Savela v. Erickson, 138 Minn. 93, 98, 163 N. W. 1029."

Respondent places great reliance upon Savela v. Erickson, 138 Minn. 93, 163 N. W. 1029, wherein he claims that this court went still further and practically held that the probate court could do the same, under the circumstances of that case, as a court of equity. The Savela case, 138 Minn. 93, 163 N. W. 1029, calls for some consideration. If we look merely to the language of the opinion in that case, we may conclude, as does respondent, that since the omitted heirs had a remedy in equity, the probate court by the application of equitable principles in the exercise of its constitutional authority may give the equivalent relief, and in a more economical and speedy method by merely amending the decree. One may get the impression that we were authorizing a short-cut. The language used may be susceptible to that construction. We

think, however, that a study of the records and briefs leads to the conclusion that the language of the opinion is not to be so construed. The final decree there was dated August 30, 1915. The decree of the probate court denying the application to amend recites a finding of fact that the citation on such application was filed July 26, 1916. The district court on appeal found as a fact that such petition was filed August 31, 1916. No point was made in the case of these inconsistent findings. Appellant's brief repeats July 26, 1916, as the date the citation issued. Respondent's brief states the citation was issued on May 26, 1916. The record does not disclose the date. But in view of the statement in both briefs it may be safely stated that the application was in fact initiated within one year after the date of the decree and was therefore within one year after notice thereof. Since the application was made within one year after the date of the decree, it could not be said that one year after notice had elapsed. Minors were interested, but their father sponsored their cause. It is clear, however, from the briefs that the point presented to this court in relation to the application's being made in season rested solely on the question as to whether it could be made after the time to appeal from the decree had expired; not whether it could be made after the lapse of one year after notice. That question was not urged or mentioned. Presumably that question was not in the mind of the court at all when it said [138 Minn. 99]: "We so hold." We think the court intended to hold only that the probate court could make the amendment there under consideration after the time to appeal from the decree had expired; nothing more. This was apparently upon the theory that there had been a mistake of fact and that the application of equitable principles called for relief.

In the case of Leighton v. Bruce, 132 Minn. 176, 156 N. W. 285, cited in the Savela case, 138 Minn. 93, 163 N. W. 1029, the proceeding was grounded on the want of notice as stated in the petition; but the district court held against the petitioner and found that at the time of the making of the decree she was competent and, contrary to her contention, that she had notice. It is true that

.the court there said that if a provision in the will had been over-looked, and by reason thereof no construction had been placed thereon, relief could have been granted in that action; but here again this court was speaking without having in mind the question of the application's being made within one year after notice.

The case of Tomlinson v. Phelps, 93 Minn. 350, 101 N. W. 496, does not support the indicated holding of Savela v. Erickson, 138 Minn. 93, 163 N. W. 1029. In the case of Robinson v. Thomson, 137 Minn. 446, 163 N. W. 786, the application for an amended final decree on the ground of mistake was made some 15 years after it was entered, and the question raised was whether the application could be granted, since it was not made until after the lapse of the time for an appeal; not because of the one-year limitation after notice. But even there the parties, while the proceedings to amend were pending, prosecuted an action in equity in the district court for the same relief. This was to avoid the question as to whether the probate court had jurisdiction after the time to appeal from the final decree had expired. This latter action and the appeal in district court were tried together. The court found that the final decree as made was the result of a deliberate judicial construction of the will; that there was no fraud or mistake; and, since no appeal was taken therefrom, that it was binding, conclusive, and final.

Since the opinion in the Savela case was written this court has held that the probate court has the power to vacate its final decree on the ground of fraud, mistake, inadvertence, or excusable neglect upon application seasonably made. In re Estate of Koffel, 175 Minn. 524, 222 N. W. 68; In re Estate of Walker, 183 Minn. 325, 236 N. W. 485, wherein the application was seasonably made. See also In re Estate of Eklund, 174 Minn. 28, 218 N. W. 235. Under G. S. 1923 (2 Mason, 1927) § 9283, authorizing the vacation of a judgment within one year after notice thereof, a motion to vacate is not too late, although made after the expiration of the time within which an appeal from the judgment may be taken, when it is not sought by the motion to accomplish a result which might have been secured by an appeal. Alexander v. Hutchins, 158 Minn. 391,

197 N. W. 754, 756; Connelly v. Carnegie D. & F. Co. 148 Minn. 333, 181 N. W. 857.

There is no consolation for respondent in In re Estate of Holum, 179 Minn. 315, 229 N. W. 133, for the simple reason that the petitioner pleaded and proved that he did not have notice of the decree involved for the period of one year before making the application to amend. He did, however, know of decedent's death, and this court held that he was barred by laches from claiming to be an heir because of his delay in not sooner asserting his alleged right, regardless of a lack of knowledge of the entry or existence of the decree.

In In re Estate of Butler, 183 Minn. 591, 237 N. W. 592, many of our cases are discussed, and a general holding of that case is consistent with the conclusion which we now reach; but it was there said [183 Minn. 597] relative to the Savela case, 138 Minn. 93, 163 N. W. 1029:

"Cases may arise where the interests of minor children, or persons under other disability, are involved, as suggested in Savela v. Erickson, 138 Minn. 93, 163 N. W. 1029. In such cases courts of equity would no doubt, by reference to statutes of limitation or other saving provisions and rules, find ready means to promote justice."

The authority of the probate court to amend or correct its records to conform to the facts, to include omitted property, or to relieve from any judgment, order, or other proceeding taken against a party is limited to one year after actual notice. Interested parties should act within a year after notice. After the lapse of such time the court has jurisdiction to vacate or set aside its orders or judgments for fraud, or to correct its own clerical mistakes or misprisions of the court. Pulver v. Commercial Security Co. 135 Minn. 286, 289, 160 N. W. 781. The court in which a judgment has been entered has authority under the statute, upon cause shown, to modify, vacate, or set aside the same. But this must be done before the time of taking an appeal has expired.

It must always be kept in mind that the power to set aside a judgment for good cause shown is not the same as the power to correct it for judicial error. Alexander v. Hutchins, 158 Minn. 391, 197 N. W. 754, 756. There may be cases where a party is barred by laches even though the statutory period of one year after notice has not expired. Alexander v. Hutchins, 158 Minn. 391, 197 N. W. 754, 756; In re Estate of Holum, 179 Minn. 315, 229 N. W. 133.

In this case we are unable to find any theory upon which the relief sought could be granted.

The judgment is reversed.

