WILLIAM STUMER v. HIBBING GENERAL HOSPITAL
AND ANOTHER.
JAMES J. COURTNEY & SONS, RESPONDENTS.[1]

June 18, 1954.

No. 36,244.

---

[1]Reported in 65 N. W. (2d) 609.

372

*Leslie S. High,* for appellant.
*James J. Courtney & Sons, pro se,* for respondents.

MATSON, JUSTICE.

Plaintiff appeals from a summary judgment entered in favor of the defendants.

Plaintiff, who as executor in the administration of his deceased brother's estate had his final account approved by the St. Louis county probate court on April 30, 1952, and who obtained his discharge as executor on June 20, 1952, brought this action in the district court on June 16, 1953, against the defendants, who were his attorneys in the administration proceedings, to recover from

them the sum of $4,975, consisting of $1,200 allowed to them by the probate court as attorneys' fees in the special administration; $3,100 allowed to them for attorneys' fees by the probate court in the general administration; $600 for expenses incurred and allowed in the allegedly unnecessary special administration proceeding; and a further expense item of $75. Plaintiff's final complaint alleges that the probate court was without jurisdiction and that defendants practiced fraud upon the plaintiff in inducing him to permit the allowance and payment to them of the aforesaid attorneys' fees and expenses in the course of the administration proceedings. Upon the file and supporting affidavits both parties moved for summary judgment. Plaintiff's motion was denied but defendants' motion for summary judgment was granted. Plaintiff appeals from the judgment entered in defendants' favor on October 1, 1953.

We have these issues:

(1) Did the presentation to the probate court of a petition for the allowance of decedent's will give it jurisdiction over decedent's estate when such petition contained misstatements of fact and was acknowledged before a notary public where he had no power to act?

(2) Does the action herein involve only a collateral as distinguished from a direct attack?

(3) May a party to a probate proceeding collaterally attack a judgment of the probate court on the ground of fraud or may he do so *only* by direct attack?

We have the following facts: Edward Stumer died in the Hibbing General Hospital on August 25, 1951. At that time plaintiff, William Stumer, the decedent's brother, was living at the U. S. Veterans Soldiers Home at Hot Springs, South Dakota. Plaintiff was at once notified of his brother's death. Five days later on August 30, 1951, the Hibbing General Hospital, as a creditor for hospital services furnished decedent in the sum of $42.09, petitioned for a special administration which the probate court granted on September 4, 1951, on the ground that it was "necessary and expedient, for the preservation and best interests of said estate." It appears from the special administration that the decedent had numerous bank

accounts scattered around the United States and Canada. At the time it appeared uncertain when decedent's brother, plaintiff, would come to Duluth, and it also was then unknown that decedent left a will. Martin L. Sandberg, a friend of the decedent, was appointed special administrator, and the defendants were employed by him to furnish professional services in the special administration.

The opening of a safe-deposit box disclosed decedent's will, which named plaintiff as executor. Upon obtaining this knowledge, one of the defendants went by plane to interview the plaintiff at Hot Springs, South Dakota. In the course of this interview plaintiff signed a petition for the allowance of the will and the probate of his brother's estate. This petition was filed, and after the will was approved and allowed, plaintiff was appointed executor on October 16, 1951. In the meantime the special administrator, with the aid of defendants' professional services, gathered together the estate and prepared an inventory. The special administrator's final account was allowed on December 17, 1951. Plaintiff as an heir of the decedent was personally served with notice of the hearing. After the allowance of the final account of the special administrator, the special administrator, upon receiving a receipt therefor, delivered to plaintiff as executor the balance left in the estate. The special administrator's final account as approved by the court provided $1,200 as attorneys' fees for defendants' professional services and a further sum of $281.39 for expenses incurred by the defendants, inclusive of the expense incurred in traveling to South Dakota to interview the plaintiff. On January 30, 1952, the special administrator was discharged.

The plaintiff as executor then proceeded with the general administration with the defendants as his attorneys. The hearing on plaintiff's final account was held on April 14, 1952, at which time plaintiff appeared personally with his attorneys, the defendants. The final account, which provided for $3,100 as attorneys' fees, was allowed by the court. On June 20, 1952, the plaintiff was discharged from all his duties as executor. This action was brought on June 16, 1953.

■ Plaintiff's action, as revealed by the allegations of his com-

plaint, involves no direct attack upon the probate court's decree or judgment in the administration proceedings. A direct attack on a judgment is an attempt to annul, amend, reverse, or vacate a judgment or to declare it void in an appropriate proceeding instituted initially and primarily for that purpose (although not necessarily to the exclusion of another purpose to which it is not merely incidental or secondary), such as by appeal, writ of error, proper motion or petition, bill in equity,[2] or by a proper statutory (M. S. A. 1949, § 544.32, which is superseded in part by Rule 60.02 of Rules of Civil Procedure,[3] and M. S. A. 548.14) action.[4] Although the distinction between collateral and direct attack is not merely a matter of pleading or procedure, pleadings of necessity must frequently have a controlling effect in distinguishing collateral from direct attacks.[5] Plaintiff's complaint, although alleging fraud, completely ignores the decree and judgment of the probate court and asks for no other relief than the recovery of a specific sum or sums of money theretofore allowed to the defendants by such probate decree. Any attack here upon the decree or judgment of that court is purely secondary or incidental and is therefore collateral.[6]

■ An order adjusting and settling the final account of the representative of the estate of a deceased person has the status of a judgment.[7]

---

[2]In DeWolf v. Ericson, 175 Minn. 68, 220 N. W. 406, it is pointed out that, although an independent action in equity in the district court lies to amend the probate court's decree of distribution, such action does not lie to correct mere errors in making up the final account of the administrator.

[3]See, 3 Youngquist & Blacik, Minnesota Rules Practice, p. 356.

[4]In re Trusteeship Under Will of Melgaard, 200 Minn. 493, 507 to 511, 274 N. W. 641, 648 to 650; Bruski v. Bruski, 148 Minn. 458, 182 N. W. 620; Geisberg v. O'Laughlin, 88 Minn. 431, 435, 93 N. W. 310, 312; see, 12 Wd. & Phr. (Perm. ed.) 448 to 457.

[5]See, In re Trusteeship Under Will of Melgaard, supra.

[6]See, Bruski v. Bruski, 148 Minn. 458, 182 N. W. 620; Schmitz v. Martin, 149 Minn. 386, 183 N. W. 978; Wold v. Peoples Trust & Sav. Bank, 179 Minn. 523, 229 N. W. 785; 10 Dunnell, Dig. (3 ed.) §§ 5137 to 5146; 31 Am. Jur., Judgments, §§ 610 to 620.

[7]In re Estate of Simon, 187 Minn. 399, 246 N. W. 31; In re Estate of Woodworth, 207 Minn. 563, 292 N. W. 192.

■ Plaintiff seeks, however, to invoke herein the elementary rule that the judgments and decrees of a court without jurisdiction are void and may be attacked collaterally[8] on the theory that the probate court never acquired jurisdiction over decedent's estate because the petition for the allowance of the will was not a proper petition within the meaning of the statute. It appears that plaintiff signed a blank petition form which was thereafter completed by the defendants, that the petition as completed untruthfully stated plaintiff was a resident of St. Louis county, and that it was also acknowledged before a Minnesota notary while in South Dakota where he had no power to act. Despite these irregularities and misstatements of fact, the petition as presented to the court was in proper form and was sufficient to invoke the court's jurisdiction over decedent's estate. The constitution of the state confers upon the probate courts general and exclusive jurisdiction over the subject matter of administering the estates of deceased persons. Jurisdiction over a particular estate attaches when a petition, which meets the requirements of the statute, is filed.[9] Hanson v. Nygaard, 105 Minn. 30, 117 N. W. 235, contains dictum to the effect that the jurisdiction of the probate court over a particular decedent's estate attaches when its general jurisdiction is invoked by the presentation to the court of a proper petition by some person entitled to take such action. Such statement is not entirely accurate since the controlling statute (§ 525.81) provides that *no defect of form or in the statement of facts in any petition shall invalidate any proceedings.* Although a petition is essential, it is clear that a petition presented to the probate court is sufficient to invoke its jurisdiction over a particular decedent's estate even though such petition is defective or imperfect as to form, contains misstatements of fact, or is signed

---

[8]Bombolis v. Minneapolis & St. L. R. Co. 128 Minn. 112, 117, 150 N. W. 385, 387.

[9]Hanson v. Nygaard, 105 Minn. 30, 117 N. W. 235; Fridley v. Farmers & M. Sav. Bank, 136 Minn. 333, 162 N. W. 454, L. R. A. 1917E, 544; In re Estate of Stenzel, 210 Minn. 509, 299 N. W. 2; Bombolis v. Minneapolis & St. L. R. Co. 128 Minn. 112, 115, 150 N. W. 385, 386, affirmed on other issues, 241 U. S. 211, 36 S. Ct. 595, 60 L. ed. 961.

by a person who afterward is found not to be entitled to take such action,[10] and any decrees and judgments entered in the exercise of such jurisdiction are not void but are binding and effective until reversed or revoked in a direct proceeding.[11]

■ In the Fridley case we pointed out that § 525.81 may not be entirely clear but that it does show a legislative intent that a defective petition should not render the proceedings void as distinguished from voidable and that jurisdiction should attach notwithstanding a defective petition. It is the settled law of this state that, where a probate court has jurisdiction over the subject matter, its judgments, as those of a court of superior jurisdiction, cannot be attacked collaterally for want of jurisdiction not affirmatively appearing on the face of the record.[12] It follows that the probate court having acquired jurisdiction over decedent's estate plaintiff is in error in assuming that its decrees are subject to collateral attack.

■ Since the probate court had jurisdiction, its orders or judgments allowing the final accounts and discharging the representatives in the administration proceedings are not here subject to collateral attack for fraud. Plaintiff, as executor, was a direct party to the administration proceedings in which such orders or judgments were entered. A judgment of the probate court, or any other domestic court of superior jurisdiction, is not subject to collateral attack by parties or privies for fraud,[13] and may be assailed by them

---

· [10]In re Estate of Eklund, 174 Minn. 28, 218 N. W. 235.

[11]Fridley v. Farmers & M. Sav. Bank, *supra;* Bombolis v. Minneapolis & St. L. R. Co. *supra;* In re Estate of Eklund, *supra.*

[12]In re Estate of Eklund, 174 Minn. 28, 218 N. W. 235; Fridley v. Farmers & M. Sav. Bank, *supra;* Schmitz v. Martin, 149 Minn. 386, 183 N. W. 978; see, Jasperson v. Jacobson, 224 Minn. 76, 27 N. W. (2d) 788; 10 Dunnell, Dig. (3 ed.) §§ 5139 and 5143; 5 Dunnell, Dig. & Supp. §§ 7774 and 7782.

[13]Geo. Benz & Sons v. Hassie, 208 Minn. 118, 293 N. W. 133; Oswald v. Minneapolis Times Co. 65 Minn. 249, 68 N. W. 15; 10 Dunnell, Dig. (3 ed.) § 5143.

and set aside on the ground of fraud *only in a direct proceeding.*[14] The trial court's summary judgment is affirmed.

Affirmed.

[14]Schmitz v. Martin, 149 Minn. 386, 183 N. W. 978; Anderson v. Lyons, 226 Minn. 330, 32 N. W. (2d) 849; Tomlinson v. Phelps, 93 Minn. 350, 101 N. W. 496; In re Estate of Woodworth, 207 Minn. 563, 292 N. W. 192; see, Rule 60.02 of Rules of Civil Procedure.