# IN RE ESTATE OF CHARLES W. TURNER.
## EMILY V. HUSBAND AND OTHERS, APPELLANTS; NORTH-WESTERN TRUST COMPANY, RESPONDENT.[1]

November 28, 1930.

No. 28,053.

*Paul G. Bremer* and *McCoy & Hansen,* for appellants.
*Kellogg, Morgan, Chase, Carter & Headley,* for respondent.

[1]Reported in 233 N. W. 305.

Holt, J.

The facts necessary to state for an understanding of the legal question presented are in brief: Charles W. Turner, a resident of St. Paul, died testate, May 16, 1923, leaving surviving his widow, Elizabeth Turner, but no child or issue of any deceased child. His will, duly allowed by the probate court of Ramsey county, placed all his estate in trust in his widow trustee, except certain specific legacies, subject however to a life interest given the widow in the estate with right to use both income and corpus and with full power to sell and convey. The remainder of the trust estate upon the widow's death was to vest in the three sisters of testator. On October 25, 1923, upon the widow's petition, the homestead was set aside to her. On July 8, 1925, the final decree was entered assigning the homestead in fee to the widow, and the residue of the estate (the specific legacies, having been paid as well as taxes and expenses of administration) to the widow as trustee. Upon this being done she was discharged as executrix and assumed the duties as trustee. Later in July of that year she executed a contract of sale to Cora Belle Christian of the homestead assigned to her in fee. The widow subsequently died, and thereafter, on September 1, 1928, the residuary legatees of Charles W. Turner, his three sisters, petitioned the probate court for an amendment of the final decree so as to assign the homestead in trust instead of to the widow in fee. The respondent as executor in the estate of the widow appeared and opposed the granting of the petition. But the probate court amended the decree as requested on the ground that the court, "in making its final decree herein, dated July 8, 1925, made the same inadvertently and upon mistake of fact and not upon a judicial construction of the will of said Charles W. Turner, deceased, which was admitted to probate in this court." From the order so amending the decree the executor of the estate of the widow appealed to the district court. The district court tried the case and made findings of fact, substantially as above cited, omitting the quotation from the order appealed from, and also found that no appeal had been taken from the final decree of July 8, 1925, and as a conclusion of law found that the probate court made no mistake of fact, inad-

vertent or otherwise; that the decree of July 8, 1925, correctly disposed of the rights of all parties interested in the estate, and the court therefore vacated and reversed the amended decree and directed the original decree to be reinstated. From the order of the district court the three sisters of Charles W. Turner appeal to this court.

The first question is whether upon the record made in the district court it had the power to amend the original final decree of the probate court more than three years after it was rendered. We think the answer must be in the negative. Appeals from the probate court are tried de novo in the district court. G. S. 1923 (2 Mason, 1927) § 8988.

"The issue on appeal is the same as it was in probate court. * * * The question is not whether the determination of the probate court was right upon the record made in that court or upon the evidence then obtainable, but whether the same order would be proper upon the record made and the evidence produced in the district court." Benz v. Rogers, 141 Minn. 93, 95, 169 N. W. 477, 478.

The district court had to try the appeal upon the petition for the amendment of the decree that was filed in the probate court, for no other pleading was presented in the district court. Such petition should set forth facts which would authorize an amendment of the decree, and these facts must be substantiated with sufficient proof in the district court to authorize that court to amend the decree. We are of opinion that the averments of the petition show a mistake of law rather than mistake of fact. Neither fraud nor mere clerical error is charged. The petition, after reciting the probate proceedings, that the widow was the sole heir at law, that the homestead was set off to her, that she had made no written renunciation of the will, continues:

"That by reason of the fact that said Elizabeth Turner elected to and did take under said will, said petition to set aside said homestead to her was improperly made and that this court was

thereby misled by said petition into the belief that said Elizabeth Turner was taking under the statute and not under the will."

Then, after setting out those parts of the final decree assigning the homestead in fee to the widow, it states:

"That said parts do not conform to the facts and do not express the real intention of this court, and in that, through inadvertence and by reason of the fact that said homestead had been set aside to said Elizabeth Turner pursuant to a petition whereby she made claim to her statutory allowance, this court was caused to believe that said Elizabeth Turner was taking under the statute and not under the will."

We construe these averments to charge mistakes of law, if mistakes at all, and not mistakes of fact. The will, its probate, the setting aside of the homestead to the widow, and all other matters referred to were documentary in the files and records before the court. It is not alleged that the probate court was ignorant of its own orders previously made, or of the contents of the will, or of the contents of the final decree of distribution, or that said decree was signed under the belief that it was not the document it purports to be. So much for the insufficiency of the allegations of the petition.

When it comes to supporting these allegations in the district court, there is nothing at all upon which to predicate any amendment of the final decree entered in the probate court on July 8, 1925. The appeal was from the order directing the amendment of that decree. When the appeal reached the district court, the return of the probate court of the proceedings had upon the petition for the amendment of the decree accompanied as a part of the appeal, and of course the order appealed from was one of the documents. But it is to be remembered that upon such appeal there was a trial de novo of the issue raised by the petition, and clearly the order of the probate court would not be evidence of facts alleged in the petition. The appeal annulled that order, and it was for the district court to determine the appeal upon competent evidence adduced before it. And surely, in such a situation, the order appealed from

cannot be used as evidence to establish the allegation of the petition. The trial of the matters of the petition being de novo, the burden was upon the petitioners to adduce competent proof of matters which would authorize or empower the district court to amend the decree of July 8, 1925. We think there was an utter lack of such proof.

Final decrees of the probate court are of great importance, embracing as they so often do the devolution of title to real estate. It is to be presumed that they express the deliberate judgment of that court upon the construction of wills where such direct the disposition of property. Such decrees should not be disturbed upon the mere say so of the probate judge, years after made, that the intended construction of the will was not expressed or that the will was forgotten because there had been a previous order made without proper consideration and hence erroneous. The right to amend was here exhausted, except where good grounds are clearly shown, as indicated by Tomlinson v. Phelps, 93 Minn. 350, 101 N. W. 496; Leighton v. Bruce, 132 Minn. 176, 156 N. W. 285; Savela v. Erickson, 138 Minn. 93, 163 N. W. 1029; DeWolf v. Ericson, 175 Minn. 68, 220 N. W. 406.

The district court also concluded that the decree of July 8, 1925, correctly assigned in fee the homestead to the widow. But, since we are clear that neither the petition nor any proof made a case authorizing any amendment of the decree long after the time for appeal therefrom had expired, anything now said regarding the widow's right under the will to take the fee to the homestead would be obiter.

The order is affirmed.