**MINNEAPOLIS POLICE OFFICERS
FEDERATION, et al.,
Respondents,**

v.

**CITY OF MINNEAPOLIS,
et al., Appellants.**

No. C0–91–1466.

Court of Appeals of Minnesota.

Feb. 11, 1992.

Rehearing Denied April 6, 1992.

Frank J. Walz, Caryn S. Glover, Best & Flanagan, Minneapolis, for respondents.

Robert J. Alfton, City Atty., Joseph M. LaBat, Asst. City Atty., Minneapolis, for appellants.

Considered and decided by LANSING, P.J., and HUSPENI and SHORT, JJ.

## OPINION

HUSPENI, Judge.

Appellant City of Minneapolis challenges the trial court's finding that the city was not authorized to establish the position of Director of Community Services Bureau (Crime Prevention) within its police department. We affirm.

## FACTS

Appellants are the City of Minneapolis ("city"), its Mayor, its Police Chief, its police department, and its current Director of Community Services Bureau (Crime Prevention) ("Director"). In January of 1991, the Police Chief of the city appointed Lucy Gerold to the position of Director as an unclassified employee under the civil service sections of the city's charter.

Respondent is the Minneapolis Police Officer's Federation ("Federation"), a Minnesota corporation whose membership is comprised of more than 800 police officers employed by the city. The Federation brought this action challenging the city's appointment of Director within its police department.

The civil service provisions of the Minneapolis City Charter provide that the classified service "shall embrace the entire service of the city" except for certain specifically enumerated officers including the Police Chief. Minneapolis, Minn. Charter, Ch. 19 § 4. The charter further directs that all members of the police force and other employees of the department shall be appointed "subject to the provisions of the civil service chapter of this charter." Minneapolis, Minn. Charter, Ch. 6 § 1.

In 1961, the Minnesota legislature provided for the appointment of certain unclassified positions within the Minneapolis Police Department. 1961 Minn.Laws ch. 108. The uncodified statute was titled "An act relating to the assignment of employees within the police department of the city of Minneapolis," and provided that:

Notwithstanding any provisions of the Minneapolis city charter * * * to the contrary, the superintendent of police of the city of Minneapolis may appoint the inspector of police, the deputy inspectors of police, the inspector of detectives, the head of the morals squad, and the license inspector, such personnel to be appointed from among the members of the Minneapolis police department holding at least the rank of patrolman.

*Id.* § 1. This statute has been amended several times since its enactment. *See, e.g.,* 1969 Minn.Laws ch. 604 § 1; 1977 Minn.Laws ch. 39; 1978 Minn.Laws ch. 580.

In 1969, the legislature enacted an uncodified statute titled "An act providing for certain positions to be in the unclassified service of the city of Minneapolis." 1969 Minn.Laws ch. 937. Several positions, including administrative aide to the city council, administrative deputy to the mayor, and director of human rights, were created under chapter 937. *Id.* § 1, subds. 2, 3, 4.

In 1986, the legislature amended chapter 937 to provide:

The city council shall by ordinance indicate the manner in which the following positions are appointed:

 * * * * * *

(j) Director of community crime prevention.

1986 Minn.Laws ch. 473 § 17, subd. 9a. The director of community crime prevention was one of 18 positions included in the 1986 amendment to chapter 937.

The Minneapolis City Council cited the 1986 amendment to chapter 937 as authority for its December 1990 amendment to the Code of Ordinances. This Code of Ordinances amendment provides:

Pursuant to Chapter 473, Section 17 of Minnesota Laws 1986, the Minneapolis City Council hereby designates that the chief of police shall appoint a person to serve as the director of the community services bureau (crime prevention).

Minneapolis, Minn., Code of Ordinances § 171.20.

In granting summary judgment for Federation, the trial court directed appellants to rescind the appointment of Lucy Gerold as Director of Community Services Bureau in the police department and noted in its memorandum:

Laws 1961, Chapter 108, as amended, is the sole authority for creating and filling unclassified civil service positions in the Police Department. Laws 1986, Chapter 473 did not authorize the City Council by ordinance to create the position "Director of Community Services Bureau (Crime Prevention)" in the Police department, nor to direct the Police Chief to appoint a person from outside the Police Department to that position.

This appeal followed.

## ISSUE

Is the city authorized to establish the position of Director of Community Services Bureau (Crime Prevention) within its police department?

## ANALYSIS

 Neither party disputes any of the facts in this case. Therefore, the only issue presented on appeal is the construction of statutes. "[C]onstruction of a statute is a question of law and is subject to de novo review on appeal." *Doe v. Minnesota State Bd. of Medical Examiners,* 435 N.W.2d 45, 48 (Minn.1989).

"The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (1990); *Tuma v. Commissioner of Economic Sec.*, 386 N.W.2d 702, 706 (Minn.1986). The Minnesota Supreme Court has explained:

> Where the words of a statute are clear and free of ambiguity, we have no right to construe or interpret the statute's language. Our duty in such a case is to give effect to the statute's plain meaning.

*Id.*

The city argues that the plain language of chapter 473 allows complete discretion in the appointment of the Director. The city correctly points out that chapter 473 directs the city council to indicate by ordinance the manner in which the Director is to be appointed, and does not on its face place any restrictions on the city council in deciding where within the city's structure to make the appointment. 1986 Minn. Laws ch. 473 § 17.

However, statutory language is not viewed in a vacuum. The Minnesota Supreme Court has held:

> The general rule is that statutes in pari materia should be construed together. Statutes "in pari materia" are those relating to the same person or thing or having a common purpose.

*Apple Valley Red–E–Mix, Inc. v. State*, 352 N.W.2d 402, 404 (Minn.1984) (citations omitted); *accord Doe*, 435 N.W.2d at 49. Both chapter 473 and chapter 108 allow for exceptions to the civil service sections of the city charter. 1986 Minn.Laws ch. 473; 1961 Minn.Laws ch. 108. Therefore, both statutes have a common purpose, and should be construed together. *Apple Valley*, 352 N.W.2d at 404.

Chapter 108 and its amendments specifically govern the appointment of unclassified positions within the city police department, and limit such appointments by requiring that "such personnel [are] to be appointed from among the members of the Minneapolis police department holding at least the rank of patrolman." 1961 Minn.

Laws ch. 108 § 1. In contrast, chapter 473 governs the appointment of unclassified positions within the city government as a whole. 1986 Minn.Laws ch. 473 §§ 15, 17. The statute does not require that the personnel be appointed from among a specified group of city employees. *Id.* § 15.

Examination of the plain meaning of a statute is not helpful "when the context produces interpretive doubt." Cass R. Sunstein, *Interpreting Statutes in the Regulatory State*, 103 Harv.L.Rev. 405, 419 (1989). This court has held that:

> Ambiguous statutes are to be construed according to the legislative intent, as reflected in the statute's purpose, the consequences of any particular interpretation, and administrative interpretations.

*Good Neighbor Care Ctrs., Inc. v. Minnesota Dept. of Human Servs.*, 428 N.W.2d 397, 401 (Minn.App.1988), *pet. for rev. denied* (Minn. Oct. 19, 1988). "A statute is ambiguous when it can be given more than one reasonable interpretation." *Tuma*, 386 N.W.2d at 706.

When construed together it is unclear whether chapter 473 was intended by the legislature to allow for appointment of unclassified positions within the police department, or whether chapter 108 as amended was intended to be the exclusive statute governing the appointment of unclassified positions within the police department. Because the statutes can be given more than one reasonable interpretation, *Tuma*, 386 N.W.2d at 706, it is proper for this court to look beyond the plain language of the statute to determine legislative intent. *Good Neighbor*, 428 N.W.2d at 401.

Chapter 473 provides for the appointment of eighteen unclassified positions, including the challenged position of Director. 1986 Minn.Laws ch. 473 § 17. Under the city's interpretation, chapter 473 would authorize the city to place any or all of these positions within the police department. While the position of Director has at least some logical connection to the police department, most of the other positions authorized by chapter 473 do not.[1]

The city, while agreeing that it would be "absurd" to appoint the other positions au-

---

1. The other 17 positions included in 1986 Minn. Laws ch. 473 § 17, subd. 9a were:

thorized by chapter 473 within its police department, claims that such other appointments could be reviewed and rescinded as an abuse of discretion. We cannot agree. Chapter 473 is clearly an enabling statute and contains no language suggesting that the city's appointments may be reviewed under an abuse of discretion standard.

We conclude that either the city has unlimited discretion to appoint any and all of the 18 positions within its police department, or that chapter 473 does not permit the city to appoint any of them within the police department. We agree with the parties that it would be absurd to interpret chapter 473 to allow appointment of any and all the positions within the police department. Therefore, the only logical conclusion is that the city may not appoint any of them within its police department.

This conclusion permits us to harmonize the provisions of chapter 108 with those of chapter 473. Chapter 108 provides for the creation of specific unclassified civil service positions within the police department and appointment to those positions by the police chief. This chapter exclusively governs unclassified appointments within the police department. In contrast, chapter 473 is a general provision assigning several positions to the unclassified civil service of the city. Because the position of Director is listed in chapter 473 and not chapter 108, the position is not properly established within the police department.

## DECISION

The trial court did not err in finding that the city was not authorized to establish the position of Director of Community Services Bureau (Crime Prevention) within its police department.

Affirmed.

Director of federal employment and training; director of inspections; director of women/minorities business enterprise; government relations representative; risk manager; deputy finance officer; assistant budget director; assistant manager of auditorium; manager of sales and marketing at auditori-

um; deputy purchasing director; urban corps. coordinator; assistant director of licenses; manager of employee benefits; director of public information; internal auditor; director of labor relations; director of affirmative action.