Dale A. RUTER, Relator,

v.

MINNESOTA DEPARTMENT
OF CORRECTIONS, Self–
Insured, Respondent.

No. C3–97–1104.

Supreme Court of Minnesota.

Oct. 16, 1997.

Mack & Daby P.L.L.P., John E. Mack, New London, for relator.

Office of Atty. Gen., James A. Froeber, St. Paul, for self-insured, respondent.

## OPINION

STRINGER, Justice.

Certiorari on the relation of Dale A. Ruter to review a decision of the Workers' Compensation Court of Appeals (WCCA) affirming the calculation of the workers' compensation benefits offset provided by Minn.Stat. § 176.021, subd. 7.[1] We affirm.

The employee sustained a compensable low back injury on June 21, 1990, while employed by the State of Minnesota Department of Corrections. Although he missed little time from work at first, his back problems progressively worsened, disabling him from September 1994 to February 1995. In February 1996, the employee underwent lumbar spinal fusion surgery, and the employer commenced payment of temporary total disability benefits. The employee was also awarded Minnesota state retirement system (MSRS) disability benefits, as a covered correctional employee pursuant to Minn.Stat. § 352.95, subd. 1,[2] in the monthly

---

1. Minnesota Statutes § 176.021, subd. 7 (1990) provides:

   If an employee who is a public officer of the state or governmental subdivision continues to receive the compensation of office during a period when receiving benefits under the workers' compensation law for temporary total or temporary partial disability or permanent total disability and the compensation of office exceeds $100 a year, the amount of that compensation attributable to the period for which benefits under the workers' compensation law are paid shall be deducted from such benefits. If an employee covered by the Minnesota state retirement system receives total and permanent disability benefits pursuant to section 352.113 or disability benefits pursuant to sections 352.95 and 352B.10, the amount of dis-

   ability benefits shall be deducted from workers' compensation benefits otherwise payable. Notwithstanding the provisions of section 176.132, a deduction under this subdivision does not entitle an employee to supplemental benefits under section 176.132.

   In 1991, the statute was amended to include employees covered by the teachers retirement fund pursuant to section 354.48 in the pension-compensation offset. Act of June 4, 1991, ch. 340, § 2, 1991 Minn. Laws 2512.

2. Minnesota Statutes § 352.95, subd. 1 (1996) provides:

   A covered correctional employee who becomes disabled and physically unfit to perform the duties of the position as a direct result of an

amount of $1,714.88. He also received a retroactive MSRS disability payment in the amount of $6,715.79 for the period from October 1994 to February 1995. In August 1996, the employer initiated proceedings to reduce the employee's temporary total disability benefits by his MSRS correctional employee disability benefits pursuant to Minn.Stat. § 176.021, subd. 7. The reduction was approved by administrative decision, confirmed by a compensation judge following *de novo* review and affirmed by the WCCA on appeal.

The employee contends that Minn.Stat. § 176.021, subd. 7—which contemplates a simple reduction in the amount of workers' compensation benefits paid by the amount of MSRS benefits actually being paid—violates the equal protection clauses of the state and federal constitutions, Minn. Const., art. 1, § 2 and U.S. Const. Amend. XIV, as well as the certain remedies clause of the state constitution, Minn. Const. art. 1, § 8. Our compensation plan, however, is based upon the notion that for a single wage loss, there should be only one wage-loss benefit. Avoiding duplication of wage-loss benefits is an eminently rational basis for benefits coordination provisions, *see Lindell v. Oak Park Coop. Creamery,* 369 N.W.2d 505, 507 (Minn. 1985); *see also* 9 *Larson's Workers' Compensation Law,* §§ 97.35(b) and 97.41(f), and is not uncommon in private pension plans, *see Larson's,* § 97.51(c). As for employee's remaining claims we have carefully considered these issues and find they are without merit.

Affirmed.

injury, sickness, or other disability incurred in or arising out of any act of duty that makes the employee physically or mentally unable to perform the duties, is entitled to a disability benefit based on covered correctional service only.

The benefit amount must equal 50 percent of the average salary defined in section 352.93, plus an additional 2–1/2 percent for each year of covered correctional service in excess of 20 years, prorated for completed months.