### In re the ESTATE OF Elmer W. NORDLUND, Deceased.

#### No. C6–99–1036.

Court of Appeals of Minnesota.

Dec. 14, 1999.

Steven C. Ekman, Kopperud Welch & Ekman, Grafton, ND, for appellant Ethel Nordlund.

John H. Moosbrugger, Ralph F. Carter, Moosbrugger, Dvorak & Carter, P.L.L.P., Grand Forks, ND, for respondent Merle Nelson.

Considered and decided by SCHUMACHER, Presiding Judge, KALITOWSKI, Judge, and THOMAS G. FORSBERG,* Judge.

## OPINION

KALITOWSKI, Judge.

Appellant Ethel Nordlund, the surviving wife of Elmer W. Nordlund, contends the district court erred in determining there was omitted property and amending its decree of distribution more than eight years after the court issued its order of complete settlement and decree of distribution.

## FACTS

Decedent Elmer Nordlund died in 1988. His wife, appellant Ethel Nordlund, and a nephew, respondent Merle Nelson, survived him. Decedent's will provided that his real estate was to be devised to Nelson in fee simple subject to a life estate in appellant. Contrary to the terms of the will, the August 14, 1990, decree of distribution gave the property outright to appellant.

Although there is evidence that Nelson attended the formal probate hearing, he claimed to be unaware that the decree did not conform to the terms of the will until his attorney checked the county records in February 1999. Nelson subsequently petitioned the court to amend its decree in February 1999 to reflect the will's intended distribution. By letter, appellant objected to the amendment as untimely, citing the applicable statute of limitation for amending a decree based on excusable neglect, inadvertence, or mistake. After a hearing, the court dismissed appellant's objection and amended the decree, finding that pursuant to Minn.Stat. § 524.3–413 (1998) a decree could be amended at any time to include omitted property.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

## ISSUE

Did the district court properly amend the decree of distribution to include "omitted property" within the meaning of Minn. Stat. § 524.3–413?

## ANALYSIS

A reviewing court is not bound by and need not give deference to a trial court's decision on a purely legal issue. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984). The construction of a statute is clearly a question of law and thus fully reviewable by an appellate court. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.,* 369 N.W.2d 527, 529 (Minn. 1985).

Here, the district court determined the motion to amend the decree was not subject to the limitation periods set out in Minn.Stat. § 525.02 (1998) because it was a motion to amend to include omitted property pursuant to Minn.Stat. § 524.3–413. An order or decree may be modified "to include omitted property or to correct a description at any time." Minn.Stat. § 524.3–413. The statute further provides:

> Whenever real or personal property or any interest therein has been omitted from probate proceedings, from a deed or transfer of distribution, a decree of distribution, or an order for distribution, or has been incorrectly described therein, any person interested in the estate or claiming an interest in such property may petition the probate court of the county in which such proceedings were had for a decree to determine its descent and to assign it to the persons entitled thereto, or to amend the deed or transfer of distribution, decree of distribution, or order of distribution to include such omitted property, or to correct the description, with or without notice.

Minn. Const. art. VI, § 10.

*Id.* Appellant contends the district court erred as a matter of law in concluding that the omission of Nelson's interest in the real estate at issue constitutes omitted property under the statute.

When a statute is free from ambiguity, we look only at its plain language. Minn.Stat. § 645.16 (1998). "[P]lain and unambiguous statutory language manifests legislative intent." *Klein Bancorporation, Inc. v. Commissioner of Revenue,* 581 N.W.2d 863, 866 (Minn.App.1998), *review denied* (Minn. Sept. 22, 1998). In construing a statute, we look to the statute as a whole and give effect to all of its provisions. *Kirkwold Constr. Co. v. M.G.A. Constr., Inc.,* 513 N.W.2d 241, 244 (Minn. 1994). If a statute is ambiguous, we must determine and give effect to the intent of the legislature. Minn.Stat. § 645.16. In determining the legislature's intent, we may consider the mischief to be remedied by the statute. *Id.* Additionally, section 524.3–413 must be construed together with the provisions of chapters 524 and 525 dealing with probate proceedings. *See Minneapolis Police Officers Fed'n v. City of Minneapolis,* 481 N.W.2d 372, 374 (Minn.App.1992) (stating general rule that statutes in pari materia, relating to the same issue or having a common purpose, should be construed together), *review denied* (Minn. Apr. 6, 1992).

The statute at issue provides that when "real or personal property or any interest therein" is omitted from a final decree, an interested party may petition the court to modify its decree. Minn.Stat. § 524.3–413. Nelson contends his remainder interest constitutes omitted property. We disagree. The statute deals with property interests belonging to the *decedent* that were omitted from the original probate proceeding and therefore remain undistributed. Here, there was no "omitted property interest" under the statute because all of decedent's real and personal property was included in the decree of distribution. Decedent's entire interest in the real estate was distributed, notwithstanding the fact that Nelson's remainder interest was not distributed to *him.*

We recognize that one of the underlying purposes of Minnesota's probate laws is to discover and make effective the decedent's intent. Minn.Stat. § 524.1–102(2) (1998). But there are competing purposes, including the need for finality and predictability, particularly with regard to the transfer of real property. As the supreme court has stated:

> Final decrees of the probate court are of great importance, embracing as they so often do the devolution of title to real estate. It is to be presumed that they express the deliberate judgment of that court upon the construction of wills where such direct the disposition of property. Such decrees should not be disturbed upon the mere say-so of the probate judge, years after made, that the intended construction of the will was not expressed.

*In re Turner's Estate,* 181 Minn. 528, 532, 233 N.W. 305, 306 (1930).

Moreover, even if the statute is deemed to be ambiguous, our analysis of legislative intent leads us to the same conclusion. The mischief to be remedied by the statute is the situation where property is entirely forgotten or is not discovered until after the decree of distribution is made. Separate provisions exist for situations where a property interest was distributed to the wrong party. *See* Minn. Stat. § 524.3–909 (1998); Minn.Stat. § 524.3–1006 (1998). Under these statutes the right of any devisee to recover improperly distributed property from a distributee is barred at the later of either three years after the decedent's death or one year after the distribution of the property. Minn.Stat. § 524.3–1006.

Other provisions of probate law also support our conclusion that the facts here do not properly fall under the omitted property provision of Minn.Stat. § 524.3–413. For example, Minn.Stat. § 524.3–1008 (1998) provides for the appointment of a

**914**

personal representative upon an interested party's motion "if property *of the estate* is omitted or discovered after an estate has been settled." (Emphasis added.) Also, the legislature has included provisions in Minn.Stat. § 525.02 that deal specifically with motions to correct or amend a decree for judicial error, fraud, excusable neglect, inadvertence, or mistake. Unlike the omitted property statute, these sections include limitations as to when an action can be brought. Thus, we conclude that under Minn.Stat. § 524.3–413, an alleged improper distribution under the terms of a will does not constitute omitted property.

Finally, at oral argument on appeal respondent argued that the improper property distribution was a clerical error under Minn.Stat. § 525.02. But, respondent did not make this argument to the district court and it was not addressed by the court. This court generally does not consider matters not argued and considered in the court below. *Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988). Therefore we do not address this issue here.

### DECISION

The district court erred in concluding that respondent's remainder interest in real estate in the decree of distribution constituted "omitted property" for purposes of Minn.Stat. § 524.3–413 when decedent's entire interest in the real estate was distributed by the decree.

**Reversed.**