STATE of Minnesota, Respondent,

v.

Robert S. ZEIMET, Appellant.

No. A03–273.

Court of Appeals of Minnesota.

Jan. 13, 2004.

Mike Hatch, Attorney General, and Susan Gaertner, Ramsey County Attorney, Mark Nathan Lystig, Assistant County Attorney, Melissa M. Saterbak, Certified Student Attorney, St. Paul, MN, for respondent.

John M. Stuart, State Public Defender, James R. Peterson, Assistant Public Defender, Minneapolis, MN, for appellant.

Considered and decided by LANSING, Presiding Judge; WRIGHT, Judge; and CRIPPEN, Judge.

## OPINION

CRIPPEN, Judge.*

Appellant, who was convicted of a felony-level enhanced DWI offense because of qualified prior impaired-driving incidents, disputes the enhancement of his offense based on prior civil incidents. Under the governing statutes, a DWI offense is enhanced to a felony level if the defendant

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

has three or more qualified prior impaired-driving incidents, either civil or criminal.

Appellant acknowledges the existence of six impaired-driving incidents, four criminal and two civil, that qualify to enhance his DWI offense. Under the sentencing guidelines, prior criminal incidents not used for enhancement must be used in calculating appellant's criminal history score upon conviction. *See* Minn. Sent. Guidelines II.B.6.; Minn. Sent. Guidelines cmt. II.B.301. Appellant disputes the prosecutor's use of two prior civil impaired-driving incidents and one criminal incident for enhancement purposes, thus preserving for criminal history score calculation purposes three of the four prior criminal impaired-driving incidents. As a result of the application of these three criminal incidents, appellant's criminal history score was increased by one point and his presumptive sentence increased from 66 months to 72 months. Because we determine, as did the trial court, that the statute unambiguously permits this disputed election by the prosecutor, we affirm.

## FACTS

Appellant's record included six qualified prior impaired-driving incidents between 1995 and 2002. The first two incidents were civil in nature, while the last four incidents were criminal convictions. The prosecutor elected to use appellant's two civil qualified prior impaired-driving incidents and one criminal qualified prior impaired-driving incident to enhance the DWI charge to a felony level. The remaining criminal incidents, which consisted of gross misdemeanor convictions, became the basis for appellant's criminal history score.[1]

The trial court found that governing laws unambiguously permit the prosecutor's election to use appellant's civil qualified prior impaired-driving incidents for felony enhancement and thus preserve appellant's criminal qualified prior impaired-driving incidents for criminal history score calculation purposes.

## ISSUE

Did the trial court properly permit the prosecutor to use civil incidents for enhancement purposes?

## ANALYSIS

■■■ We review a trial court's interpretation of the sentencing guidelines de novo. *State v. Jones,* 587 N.W.2d 854, 855 (Minn.App.1999). "Every law shall be construed, if possible, to give effect to all its provisions." Minn.Stat. § 645.16 (2002). The objective of statutory interpretation is to ascertain and effectuate the legislature's intent. *Id.* If the statutory language is unambiguous, an appellate court relies on its plain meaning, which manifests legislative intent. *In re Estate of Nordlund,* 602 N.W.2d 910, 913 (Minn.App.1999), *review denied* (Minn. Feb. 15, 2000). This court presumes that the legislature intends to favor the public interest over any private interest. Minn.Stat. § 645.17, subd. (5) (2002).

---

1. For first-degree felony DWI, the sentencing guidelines provide that one criminal history point is assigned for every four units that stem from prior misdemeanor/gross misdemeanor alcohol-related convictions. *See* Minn. Sent. Guidelines II.B.3. Each alcohol-related gross misdemeanor is assigned two units. *Id.* With consideration of only one of appellant's previous gross misdemeanors, his criminal history score would be five points plus three units. When three previous gross misdemeanors are used, appellant's criminal history score is six points plus three units. The presumptive sentence for the current offense with a criminal history score of five points is 66 months. The presumptive sentence with a score of six points is 72 months.

Appellant contends that the DWI felony-enhancement statute, Minn.Stat. § 169A.24, subd. 1(1) (2002), is ambiguous when viewed in conjunction with the sections of the sentencing guidelines that govern criminal history point calculation. This section declares that a driving-while-impaired offense constitutes first-degree driving while impaired if the violation is committed "within ten years of the first of three or more qualified prior impaired driving incidents . . . ." *Id.*

Prior nonfelony criminal convictions used for enhancement purposes cannot also be used for augmenting an offender's criminal history score. Minn. Sent. Guidelines II.B.6. But prior misdemeanor and gross misdemeanor DWI convictions not used for enhancement must be used to augment the criminal history score. Minn. Sent. Guidelines cmt. II.B.301. Civil incidents may be used for enhancement but cannot be used in calculating the criminal history score. *See* Minn.Stat. §§ 169A.03, subds. 21, 22, .24, subd. 1(1); Minn. Sent. Guidelines II.B.

Appellant argues that these provisions permit the interpretation employed by the prosecutor and the trial court that a prosecutor is free to use civil incidents to enhance the DWI offense to a felony but also permit the interpretation that criminal incidents should be used for criminal history points and not enhancement. This issue arises whenever a person has more than three qualified prior impaired-driving incidents that might be used for enhancement, and where at least one is civil in nature and one is criminal in nature. Appellant asserts that precedent prohibiting and discouraging prosecutorial manipulation and favoring leniency should resolve what he sees as an ambiguity.

Appellant incorrectly contends that there is no provision for interplay between Minn.Stat. ch. 169A and the sentencing guidelines. The guidelines provide that "prior misdemeanor and gross misdemeanor sentences for violations under 169A.20 . . . *shall* be used in the computation of the misdemeanor/gross misdemeanor point when the current conviction offense is . . . first degree (felony) driving while impaired." Minn. Sent. Guidelines cmt. II.B. 301 (emphasis added). The trial court concluded that there was no ambiguity because Minn.Stat. § 169A.03, subd. 22, permits the prosecutor to elect to use prior civil impaired-driving incidents for enhancement and preserve criminal offenses for use in criminal history calculations. The trial court found it equally clear that there is no stated limit on a prosecutor's choice to use civil rather than criminal offenses for enhancement purposes, regardless of its ultimate effect on a defendant's criminal history score and sentencing. Having independently reviewed Minn.Stat. § 169A.24 and the sentencing guidelines, we conclude that the language at issue is unambiguous in this regard.

We are mindful that appellant's interpretation of the statute requires a deliberate disregard for the statutory language. It not only creates limits on DWI enhancement where no limits are stated, but also renders civil qualified prior impaired-driving incidents of no consequence in many situations despite the legislature's express provision for their use for enhancement purposes. *See* Minn.Stat. § 645.16 (mandating that courts not disregard the letter of the law). Because Minn.Stat. § 169A.24, subd. 1(1) and Minn. Sent. Guidelines II.B.6 are not ambiguous, we do not reach appellant's arguments regarding a basis for resolving an ambiguity.

## D E C I S I O N

Under the Minnesota Sentencing Guidelines and governing statutes, the prosecutor was properly permitted to use appel-

lant's prior civil impaired-driving incidents for enhancement purposes and preserve several of appellant's prior criminal impaired-driving incidents for use in calculating appellant's criminal history score.

**Affirmed.**