STATE of Minnesota, Respondent,

v.

Robert A. MILLER, Appellant.

No. A04–396.

Court of Appeals of Minnesota.

Nov. 23, 2004.

Petition for Review Denied Jan. 26, 2005.

Mike Hatch, Attorney General, St. Paul, MN, and James C. Backstrom, Dakota County Attorney, Helen R. Brosnahan, Assistant County Attorney, Hastings, MN, for respondent.

John M. Stuart, State Public Defender, James R. Peterson, Assistant Public Defender, Minneapolis, MN, for appellant.

Considered and decided by SHUMAKER, Presiding Judge; LANSING, Judge; and FORSBERG, Judge.

## O P I N I O N

FORSBERG, Judge.*

Appellant challenges his conviction for felony DWI, arguing that, because the offense and license revocation dates for the oldest of the three offenses applicable under Minn.Stat. § 169A.24, subd. 1 (2002), were outside the statute's ten-year look-back period, the enhancement provision does not apply to him. Because the conviction date, which is within the ten-year look-back period, suffices for enhancement, we affirm.

## FACTS

On October 2, 2003, appellant Robert A. Miller was arrested and charged with one count of first-degree refusal to submit to testing in violation of Minn.Stat. § 169A.20, subd. 2 (2002). Appellant had three DWI convictions within the preceding ten years: one DWI conviction in 1998 and two aggravated DWI convictions in 1993 and 1996.

Before the district court, appellant moved to reduce the charge from first-degree refusal to submit to testing, a felony, to second-degree refusal, a gross misdemeanor. Appellant argued that Minn. Stat. § 169A.24 (2002), which enhances an impaired driving charge to a first-degree offense if the defendant has three or more "qualified prior impaired driving incidents" in the preceding ten years, did not apply to him. He reasoned that the actual offense and license revocation dates pertaining to the oldest conviction were more than ten years earlier, although the conviction date was within the ten-year look-back period. The district court denied appellant's motion; he pled guilty as charged and was sentenced to 36 months with a stayed execution resulting in seven years probation. Appellant now challenges the denial of his motion.

## ISSUE

When a license revocation occurred more than ten years before an offense, but the conviction for that offense occurred within ten years of the offense, does the conviction suffice for enhancement to a first-degree impaired driving offense under Minn.Stat. § 169A.24, subd. 1 (2002)?

## ANALYSIS

Statutory construction is a question of law, which this court reviews de novo. *State v. Anderson,* 666 N.W.2d 696, 698 (Minn.2003). "When interpreting a stat-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

ute, we first look to see whether the statute's language, on its face, is clear or ambiguous." *Am. Family Ins. Group v. Schroedl*, 616 N.W.2d 273, 277 (Minn.2000). If the statutory language is unambiguous, an appellate court relies on its plain meaning, which manifests legislative intent. *In re Estate of Nordlund*, 602 N.W.2d 910, 913 (Minn.App.1999), *review denied* (Minn. Feb. 15, 2000).

Minn.Stat. § 169A.20, subd. 2 (2002), makes refusal to submit to chemical testing a crime. A person who violates Minn. Stat. § 169A.20 will be "guilty of first-degree driving while impaired if the person: (1) commits the violation within ten years of the first of three or more qualified prior impaired driving incidents." Minn. Stat. § 169A.24 (2002). " '[Q]ualified prior impaired driving incident' includes prior impaired driving convictions and prior impaired driving-related losses of license." Minn.Stat. § 169A.03, subd. 22 (2002). "When a person has a prior impaired driving conviction and a prior impaired driving-related loss of license based on the same course of conduct, either the conviction or the loss of license may be considered a qualified prior impaired driving incident, but not both." Minn.Stat. § 169A.09 (2002).

▆ Appellant argues that the enhancement provision does not apply to him, because only the conviction date for the oldest offense, not the offense or license revocation dates, took place within ten years of his most recent violation. Appellant contends that use of the conviction date is inappropriate because similarly situated persons would be treated differently depending on how quickly they were processed through the courts.

▆ Because the statute is unambiguous, this court must rely on its plain meaning. The definition of "qualified prior impaired driving incident" suitable for the

ten-year look-back period clearly includes both convictions and license revocations, but does not include offenses. Minn.Stat. § 169A.03, subd. 22. Further, because "qualified prior impaired driving incident" expressly "includes" both convictions and license revocations, the plain meaning of the statutes, when read together, is that, if either of these events took place within the preceding ten years, the offense is eligible for enhancement under Minn.Stat. § 169A.24. When section 169A.03, subdivision 22, is read in conjunction with section 169A.09, the plain meaning is that, although either a conviction or a license revocation suffices, when both pertain to the same offense only one may be used for enhancement. Thus, because one of the two events defined as a "qualified prior impaired driving incident" pertaining to the oldest offense at issue, namely the 1993 conviction, took place within ten years of appellant's current offense, it suffices for enhancement of appellant's current offense.

Appellant argues that, because Minn. Stat. § 169A.24, subd. 1, says "the *first* of three or more qualified prior impaired driving incidents" (emphasis added), and because the license revocation occurred *first* in time before the conviction pertaining to the same offense, the statute should be interpreted to mean that the license revocation date must be used instead of the conviction date. This reading defies logic: an offender who had more than the minimum three offenses would escape enhancement because the "first" qualified incident was outside the ten-year period. Clearly the legislature's inclusion of "three or *more*" incidents within the ten-year period means that those who offended more than the minimum three times within the preceding ten years would also be subject to enhancement. Thus, appellant's read-

ing of the word "first" is inaccurate.[1]

Because the conviction date for the oldest of appellant's three applicable offenses was within ten years of his current offense, the district court did not err when it used appellant's prior three impaired driving convictions to elevate the current offense to a first-degree felony.[2]

## D E C I S I O N

Because appellant had the three "qualified prior impaired driving related incidents," relating to three separate offenses within the preceding ten years necessary for enhancement to a first-degree offense under Minn.Stat. § 169A.24, subd. 1 (2002), enhancing his guilty plea to a first-degree felony impaired driving offense was appropriate.

**Affirmed.**

---

1. The district court interpreted the statute to mean that only the conviction date applies because it is a criminal proceeding, while the license revocation is a civil proceeding. This reasoning goes beyond the plain meaning of the statute that either a conviction or license revocation suffices for enhancement, but it does not affect our decision. *See Katz v. Katz,* 408 N.W.2d 835, 839 (Minn.1987) (stating that this court will not reverse a correct decision simply because it is based on incorrect reasoning).

2. Appellant also argues that he should be able to withdraw his guilty plea because, without three qualified prior impaired driving incidents, his plea to a first-degree felony offense was factually inaccurate. Because we hold that he had three prior qualified impaired driving incidents within the ten-year lookback period, this argument is without merit.