**Dale RUTER, Appellant,**

v.

**STATE of Minnesota, et al., Respondents.**

No. A04–1025.

Court of Appeals of Minnesota.

May 3, 2005.

John E. Mack, Mack & Daby, P.A., New London, MN, for appellant.

Mike Hatch, Attorney General, Rory H. Foley, Assistant Attorney General, St. Paul, MN, for respondents.

Considered and decided by HUDSON, Presiding Judge; PETERSON, Judge; and WILLIS, Judge.

## OPINION

PETERSON, Judge.

After sustaining a work-related injury, appellant Dale Ruter began receiving disability benefits from the Minnesota State Retirement System Correctional Employees' Retirement Fund and the Teachers' Retirement Association, among others. After reaching age 55, appellant sought to have his disability benefits converted to an

ordinary retirement annuity. On appeal from a summary judgment after remand, appellant argues that (1) the district court erred in concluding that he did not have a right to forego his disability benefits; and (2) he is entitled to state-paid medical insurance under his union's contract with the Minnesota Department of Corrections. We affirm.

## FACTS

In 1989, appellant began working as a vocational-masonry teacher at the Minnesota correctional facility in St. Cloud. On June 21, 1990, appellant sustained a work-related injury. Although appellant initially missed little time from work, his back problems caused by the injury progressively worsened, disabling him from September 1994 to February 1995.

Due to the injury, appellant received benefits from multiple sources, including workers' compensation benefits from the Minnesota Department of Employee Relations (DOER). In addition to workers' compensation benefits, appellant sought benefits from ITT Hartford Insurance Company, which provides public employees with disability benefits under a state-sponsored supplemental insurance program. As a condition to receiving benefits under the private disability policy, Hartford required appellant to apply for both Minnesota State Retirement System (MSRS) and Teachers Retirement Association (TRA) disability benefits.

In February 1996, appellant was awarded MSRS disability benefits as a covered correctional employee pursuant to Minn. Stat. § 352.95. The DOER offset appellant's workers' compensation benefits by the amount of his MSRS disability benefits pursuant to Minn.Stat. § 176.021, subd. 7 (2004). As a result of the offset, appellant no longer received workers' compensation payments.

Appellant challenged the offset as violating the equal protection clauses of the Minnesota and United States Constitutions. *Ruter v. Minn. Dep't of Corrections,* 569 N.W.2d 407, 408 (Minn.1997) (*Ruter I*). The Minnesota Supreme Court upheld the offset, holding that the offset prevented duplication of benefits. *Id.*

After reaching age 55 in December, 1997, appellant sought to have his disability benefits converted to an ordinary retirement annuity. Minnesota law provides:

> After separation from state service, an employee covered under section 352.91 who has reached age 55 years and has credit for at least three years of covered correctional service and regular Minnesota State Retirement System service is entitled upon application to a retirement annuity under this section based only on covered correctional employees' service.

Minn. Stat § 352.93, subd. 1 (2004). Based on this statute, appellant believed he had a right to convert his disability benefits to an ordinary retirement annuity. Appellant wanted to do this to avoid further offsets of his workers' compensation benefits by his disability benefits. But the MSRS refused to allow the conversion and continued to offset appellant's workers' compensation benefits by the amount of his disability benefits. Appellant brought an action in district court seeking a declaratory judgment that he was entitled to regular retirement status upon reaching age 55.

The district court granted summary judgment in favor of respondents in March 2002. Although the district court held that appellant's claims were barred by collateral estoppel and that it lacked subject matter jurisdiction, the court nonetheless addressed the merits of appellant's claims. The district court determined that because appellant voluntarily chose to receive dis-

ability benefits under Minn.Stat. § 325.95, subd. 5, he could not receive an ordinary retirement annuity under Minn.Stat. § 352.93, subd. 1, until he reached age .65. The district court also determined that appellant was not entitled to continuing health-care coverage under his collective-bargaining agreement. Appellant appealed to this court, which reversed and remanded based on an apparent concession by respondents. *Ruter v. State, Dep't of Corrections*, No. C6–02–643, 2003 WL 42171 at *4–5 (Minn.App. Jan. 7, 2003) (*Ruter II*).

On remand, respondents indicated that their position was that an employee receiving disability benefits does not have a right to receive ordinary retirement benefits until age 65, but that they would not contest the issue in an effort to resolve the lawsuit. In April 2004, the district court concluded that respondents' position was akin to an offer of settlement and ultimately concluded that entering into a settlement not authorized by law would breach respondents' fiduciary duty to retirement plan members and beneficiaries.

In the March 2002 order, the district court ruled that "[i]f an injured worker applies for and receives a disability pension, that injured worker is not deemed to be a retired employee until age 65." On remand, the district court determined that this ruling was the law of the case because the court of appeals "did not remand this matter for reconsideration." The district court also addressed the merits of the issue, concluding that the initial ruling correctly interpreted the law, and granted summary judgment for the state. Appellant filed an appeal from the April 9, 2004, order for summary judgment. This court issued an order construing the appeal to be from the June 1, 2004, judgment entered pursuant to the order.

## ISSUES

1. Was the issue of appellant's right to forego his disability pension and receive an ordinary retirement annuity properly before the district court on remand?

2. Did the district court err in concluding that because appellant applied for and receives disability benefits, he is not deemed to be a retired employee until age 65?

3. Is appellant entitled to continuing health coverage under his collective-bargaining agreement?

## ANALYSIS

On appeal from summary judgment, an appellate court determines whether any genuine issues of material fact exist and whether the district court erred in applying the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). This court views the evidence in the light most favorable to the party against whom judgment was granted. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993).

▬▬ 1. Appellant argues that the issue of his eligibility to forego disability benefits and receive an ordinary retirement annuity was not properly before the district court on remand. Appellant argues that the only issues remanded were (1) whether he was entitled to receive his benefit retroactively and without offset; and (2) if retroactive receipt is deemed appropriate, whether he must, in order to avoid unjust enrichment, reimburse the state for disability benefits previously received. But, after this court specifically identified those two issues in our earlier opinion, we further stated, "If this court's understanding of the position of the parties on these issues is incorrect, both shall have the right to argue their respective positions before the district court on remand." *Ruter II*, 2003 WL 42171, at *4 n.

5. We also stated, "Consistent with this court's earlier observation regarding the parties' positions, we do not intend to limit the discretion of the district court on remand to consideration of only the two issues that we identify." *Id.*, at *4 n. 6. In light of our earlier opinion, the issue of appellant's eligibility to forego disability benefits and receive an ordinary retirement annuity was properly considered by the district court on remand.

■ Appellant also contends that he did not have a sufficient opportunity to present his position to the district court. He does not claim that he was denied the opportunity to present evidence but rather argues that he did not have a sufficient opportunity to develop his legal argument, particularly with respect to legislative history. But legislative history is relevant only if a statute is ambiguous, and to the extent that additional briefing might have been helpful to the district court, appellant has fully briefed the issue for this court and, thus, will not be prejudiced. *See Brookfield Trade Ctr., Inc. v. County of Ramsey*, 584 N.W.2d 390, 393 (Minn.1998) (stating tax court's statutory construction is a question of law subject to de novo review); *State v. Hannuksela*, 452 N.W.2d 668, 673 n. 7 (Minn.1990) (stating "it is the responsibility of appellate courts to decide cases in accordance with law, and that responsibility is not to be diluted by counsel's oversights, lack of research, failure to specify issues or to cite relevant authorities") (quotation omitted); *Greenbush State Bank v. Stephens*, 463 N.W.2d 303, 306 n. 1 (Minn.App.1990) (applying *Hannuksela* in a civil case), *review denied* (Minn. Feb. 4, 1991).

The objective of statutory interpretation "is to ascertain and effectuate the intention of the legislature. Every law shall be construed, if possible, to give effect to all its provisions." Minn.Stat. § 645.16 (2004). If the statutory language is unambiguous, an appellate court relies on its plain meaning, which manifests legislative intent. *In re Estate of Nordlund*, 602 N.W.2d 910, 913 (Minn.App.1999), *review denied* (Minn. Feb. 15, 2000).

Section 352.95 (2004) states:

> Subdivision 1. Job-related disability. A covered correctional employee who becomes disabled and who is expected to be physically or mentally unfit to perform the duties of the position for at least one year as a direct result of an injury, sickness, or other disability that incurred in or arose out of any act of duty that makes the employee physically or mentally unable to perform the duties is entitled to a disability benefit. The disability benefit may be based on covered correctional service only.

Minn.Stat. § 352.95, subd. 1. The statute also states:

> Subd. 5. Retirement status at normal retirement age. The disability benefit paid to a disabled correctional employee under this section shall terminate at the end of the month in which the employee reaches age 65, or the five-year anniversary of the effective date of the disability benefit, whichever is later. If the disabled correctional employee is still disabled when the employee reaches age 65, or the five-year anniversary of the effective date of the disability benefit, whichever is later, the employee shall be deemed to be a retired employee.[1]

*Id.*, subd. 5. The law also provides:

> After separation from state service, an employee covered under section 352.91

---

1. In 2001, the age in Minn.Stat. § 352.95, subd. 5, was amended from 62 to 65. 2001

Minn. Laws 1st Spec. Sess. ch. 10, art. 3, § 12. Whether this amendment affects appel-

who has reached age 55 years and has credit for at least three years of covered correctional service and regular Minnesota State Retirement System service is entitled upon application to a retirement annuity under this section based only on covered correctional employees' service. Application may be made no earlier than 60 days before the date the employee is eligible to retire by reason of both age and service requirements.

Minn.Stat. § 352.93, subd. 1 (2004).

Upon reaching age 55, appellant met the criteria of both Minn.Stat. § 352.95, subd. 1, and Minn.Stat. § 352.93, subd. 1. He argues that because Minn.Stat. § 352.95, subd. 5, does not prohibit an employee under age 65 from converting a disability pension to a retirement annuity under Minn.Stat. § 352.93, subd. 1, the statute should be construed as permitting such an election. But Minn.Stat. § 352.115, subd. 9 (2004), provides: "All annuities, and disability benefits authorized by this chapter, must be paid in equal monthly installments and must not be increased, decreased, or revoked except as provided in this chapter." " 'Must' is mandatory." Minn.Stat. § 645.44, subd. 15a (2004).

■ Appellant's disability benefits are authorized by Minn.Stat. § 352.95, subd. 1. Therefore, under Minn.Stat. § 352.115, subd. 9, the disability benefits may only be revoked as provided in chapter 352. There is no provision in chapter 352 that allows a correctional employee who is receiving disability benefits to elect to revoke the disability benefits upon reaching age 55 and begin receiving a retirement annuity under Minn.Stat. § 352.93, subd. 1. Therefore, having chosen to receive disability benefits, appellant is bound by that election and may only continue to receive

them according to Minn.Stat. § 352.95, subd. 5. And because Minn.Stat. § 352.113, subd. 9 (2004), provides that "[n]o employee is entitled to receive disability benefits and a retirement annuity at the same time," appellant is not entitled to receive a retirement annuity as long as he continues to receive disability benefits.

■ 2. Appellant argues that he is entitled to employer contributions for health insurance because he is still an employee under the State Residential Schools Education Association contract (SRSEA contract). Article 21, section 2(B)(4), of the contract states:

An employee who was off the State payroll due to a work-related injury or a work-related disability may continue to participate in the Group Insurance Program as long as such an employee receives workers' compensation payments or while the workers' compensation claim is pending.

In its March 2002 order, the district court granted summary judgment for the state on this issue because appellant was not receiving workers' compensation payments and because his claims for such benefits were denied in *Ruter I*. On remand, the district court declined to reconsider this issue and instead cited the March 2002, decision as remaining in effect. Because this issue was not addressed in the first appeal and the district court incorporated the March 2002, decision into its April 2004, order, we can review the March 2002, decision, making a second remand unnecessary.

Currently, appellant is not receiving workers' compensation benefits because those benefits are offset by his disability benefits. He argues that in some

---

lant's benefits is not at issue in this case, and we express no opinion about the amend-

ment's effect.

months, he receives workers' compensation payments because his workers' compensation benefit in those months exceeds his disability benefit, but he provides no citation to the record supporting this factual assertion. Appellant argues that his disability benefit should be divided into two components, an earned retirement component and an injury-compensation component, for purposes of deducting the disability benefit from workers' compensation benefits otherwise payable. But Minn.Stat. § 176.021, subd. 7, explicitly provides that when "an employee covered by the [MSRS] receives ... disability benefits pursuant to section [ ] 352.95 ..., the amount of disability benefits shall be deducted from workers' compensation benefits otherwise payable." The plain language of the statute does not permit deducting only a portion of the disability benefits from the workers' compensation benefits.

Because appellant does not receive workers' compensation benefits, the district court properly concluded that he is not eligible for employer contribution to his health insurance under article 21, section 2(B)(4), of the SRSEA contract.

## DECISION

The district court properly concluded that upon reaching age 55, appellant could not elect to revoke his disability benefits and begin receiving a retirement annuity. The district court properly concluded that appellant is not eligible for employer contribution to his health insurance under article 21, section 2(B)(4), of the SRSEA contract. The district court properly granted summary judgment for respondents.

**Affirmed.**